PEOPLE *v.* STEWART

1. CRIMINAL LAW—PLEA OF GUILTY—CHANGE OF PLEA—PRIVILEGE.

   A defendant in a criminal prosecution has a privilege of changing a plea of guilty to one of not guilty at any time before sentence, but this privilege is not an absolute right, and some persuasive reason for the change must exist.

2. CRIMINAL LAW—PLEA OF GUILTY—WITHDRAWAL OF PLEA—DISCRETION.

   Denial of defendant's motion to withdraw his plea of guilty was not an abuse of discretion where no reason was advanced to support the motion other than that defendant and his family requested it where the court, in denying withdrawal, found that defendant had confessed in open court, under no duress, to all the elements of the crime charged and the record amply supported the court's determination that defendant's plea was voluntary.

3. CRIMINAL LAW—PLEA OF GUILTY—MISSTATEMENT OF CHARGE—HARMLESS ERROR.

   Trial court's misstatement that defendant charged with assault with intent to commit murder would be tried for murder unless he pled guilty to the lesser charge of assault with intent to do great bodily harm less than murder was at most a harmless technical error which neither coerced defendant into pleading guilty nor resulted in a miscarriage of justice where the record showed that defendant's guilty plea was voluntary in spite of the misstatement.

Appeal from Oakland, James S. Thorburn, J. Submitted Division 2 April 10, 1970, at Lansing.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 21 Am Jur 2d, Criminal Law § 504.
[3] 21 Am Jur 2d, Criminal Law §§ 486, 491, 493, 494, 504.

(Docket No. 7,498.)    Decided April 30, 1970.    Rehearing denied June 22, 1970.    Leave to appeal denied November 24, 1970.    384 Mich 778.

Charles Stewart was convicted, on his plea of guilty, of assault with intent to do great bodily harm less than murder.    Defendant appeals.    Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Thomas G. Plunkett,* Prosecuting Attorney, *Dennis Donohue,* Chief Appellate Counsel, and *Edward Sosnick,* Assistant Prosecuting Attorney, for the people.

*Michael W. Hutson,* for defendant on appeal.

Before: McGregor, P. J., and Danhof and Larnard,* JJ.

Per Curiam.    Following an altercation which culminated in defendant's stabbing a police officer, defendant was charged with assault with intent to commit murder, CL 1948, § 750.83 (Stat Ann 1962 Rev § 28.278).

On January 21, 1969, the people moved to amend the information and add thereto a second count of assault with intent to do great bodily harm less than murder, CL 1948, § 750.84 (Stat Ann 1962 Rev § 28.279).    Defendant, after being advised fully of his rights by his attorney, entered a plea of guilty to the second count.    Then, the trial court advised defendant of his rights again, and examined him as to the circumstances of his plea as required by GCR 1963, 785.3.

---

* Circuit Judge, sitting on the Court of Appeals by assignment.

At the time of sentencing on February 20, 1969, the defense attorney asked that defendant's plea be set aside. The motion was denied. Defendant was then sentenced to a term of seven to ten years in prison. He has appealed alleging that there was an abuse of discretion by the trial court when the motion to withdraw the guilty plea was denied.

As a general rule in this state a defendant has the privilege of changing a plea of guilty to one of not guilty at any time before sentence. *People* v. *Case* (1954), 340 Mich 526. However, such privilege is not an absolute right. Some persuasive reason for the change must exist. *People* v. *Case; People* v. *Davis* (1964), 372 Mich 402; *People* v. *Zaleski* (1965), 375 Mich 71; *People* v. *Pulliam* (1968), 10 Mich App 481. Mistake on the part of a defendant in expecting a lighter sentence than he had reason to believe he was going to get is not a sufficient reason to permit a change in his plea. *People* v. *Case; People* v. *Davis.* Nor is an inadequately supported claim of ill health a persuasive reason for granting a withdrawal. *People* v. *Zaleski.*

However, the defendant's guilt or innocence is not a factor to be considered in granting or denying a motion to withdraw a guilty plea. *People* v. *Bencheck* (1960), 360 Mich 430; *People* v. *Zaleski, supra;* 12 Wayne L Rev 128. Courts must be patient with indecisive defendants concerning their basic constitutional right to a jury, and it is an abuse of discretion to deny a motion to withdraw a guilty plea if the record casts grave suspicion upon the voluntariness of the guilty plea. *People* v. *Hollman* (1968), 12 Mich App 231; *People* v. *Whitmer* (1969), 16 Mich App 703.

In the present case, no reason was advanced in support of the motion to withdraw other than that

defendant and his family requested it.  The trial court in denying the motion stated:

"The motion to set aside the sentence is denied for the reason that the respondent has in open court confessed, under no duress, to all the elements of the crime.  It would be a foolhardy act to set aside the plea at that time in light of the free confession that has been made."

The record amply supports the court's determination that the plea was voluntary.  Therefore, we hold that there was no abuse of discretion in the denial of defendant's motion to withdraw his plea of guilty.

Defendant also claims that he was coerced into pleading guilty by the trial court's misstatement that he was to be tried for murder unless he pled guilty to the lesser charge.  The trial court's misstatement was at most a technical error, and we are convinced after reading the record that defendant's plea was voluntary in spite of it.  The misstatement was harmless error, and did not result in a miscarriage of justice.  GCR 1963, 529.1; CL 1948, § 769.26 (Stat Ann 1954 Rev § 28.1096); *People* v. *Dunn* (1968), 380 Mich 693.

The other arguments made on appeal do not require discussion.

Affirmed.