PEOPLE v ATCHER

1. Criminal Law—Plea of Guilty—Judge's Duty—Establishing
   Crime—Participation in Crime—Court Rules.

   A valid guilty plea requires the judge who takes the plea to elicit
   facts on the record showing that the crime charged has been
   committed and that the defendant committed it (GCR 1963,
   785.7[3]).

2. Criminal Law—Plea of Guilty—Knowledge of Guilt—Placing
   of Burden.

   It is impermissible for a trial judge, in accepting a guilty plea, to
   place the burden on the defendant to know whether he is
   legally guilty.

3. Criminal Law—Plea of Guilty—Examination of Accused—Fac-
   tual Basis for Plea.

   The trial court failed to establish a factual basis for the crime of
   attempted possession of methadone when it accepted a plea of
   guilty where it asked the defendant whether he did attempt to
   knowingly or intentionally possess methadone, whether defend-
   ant knew that methadone is a narcotic drug and whether
   something happened in defendant's attempt that he was inter-
   cepted and prevented in the attempted possession, because
   defendant's affirmative responses to the court's question re-
   quired the defendant to make a legal determination which
   should have been made by the trial judge after eliciting proper
   facts regarding the commission of the crime charged.

Appeal from Jackson, John C. Dalton, J. Submit-
ted Division 2 October 9, 1974, at Lansing. (Docket
No. 17798.) Decided December 5, 1974.

John S. Atcher was convicted, on his plea of
guilty, of attempted possession of methadone. De-
fendant appeals. Reversed.

Reference for Points in Headnotes
[1–3] 21 Am Jur 2d, Criminal Law §§ 486–492.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Bruce A. Barton,* Prosecuting Attorney, and *James M. Justin,* Assistant Prosecuting Attorney, for the people.

*Norris J. Thomas, Jr.,* Assistant State Appellate Defender, for defendant.

Before; QUINN, P. J., and BASHARA and VAN VALKENBURG,* JJ.

BASHARA, J. Defendant, on April 17, 1973, pled guilty to attempted possession of methadone. MCLA 335.341; MSA 18.1070 (41); MCLA 750.92; MSA 28.287. Defendant, who was already imprisoned, was sentenced to a consecutive term of 1 to 2 years, and appeals.

Defendant, *inter alia,* argues that the trial court failed to establish a factual basis to the crime pled. The record reveals the following colloquy between defendant and the bench.

*"The Court:* Now, on or about the 19th day of February, 1973, at the Township of Blackman in this County, did you attempt to knowingly or intentionally possess methadone?

*"The Defendant:* Yes.

*"The Court:* Did you know methadone is a narcotic drug?

*"The Defendant:* Yes.

*"The Court:* And did something happen here that, in this attempt, that you were intercepted and prevented in the attempted possession of it?

*"The Defendant:* Yes.

*"The Court:* All right, the Court will accept your plea of guilty, and this matter will be referred to the probation department for presentence investigation."

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

Prior to and after the enactment of GCR 1963, 785.7(3), a valid guilty plea requires the plea-taking judge to elicit facts on the record showing that the crime charged has been committed and that the defendant committed it. *People v Barrows,* 358 Mich 267; 99 NW2d 347 (1959); *People v Williams,* 386 Mich 277; 192 NW2d 466 (1971); *People v Schneff,* 392 Mich 15; 219 NW2d 47 (1974). It is also well established that placing the burden on the defendant to know whether he is legally guilty is impermissible. *People v Taylor,* 387 Mich 209; 195 NW2d 856 (1972).

We cannot determine on this record whether an attempt to commit a crime occurred. In *People v Coleman,* 350 Mich 268, 276–277; 86 NW2d 281 (1957), Justice Talbot Smith, speaking for a unanimous Court and citing several authorities stated:

" 'Mere intention to commit a specified crime does not amount to an attempt. *(People v Stites,* 75 Cal 570 [17 P 693].) Preparation alone is not sufficient. "Something more is required than mere menaces, preparation or planning." (30 CJ, p 13.) "The preparation consists in devising or arranging the means or measures necessary for the commission of the offense; the attempt is the *direct movement* towards the commission after the preparations are made. * * * Therefore, the act must reach far enough towards the accomplishment of the desired result to amount to the commencement of the consummation." (8 RCL, pp 278, 279.) "[T]here must be at least some appreciable fragment of the crime committed, and it must be in such progress that it will be consummated unless interrupted by circumstances independent of the will of the attempter." (1 Wharton's Criminal Law [12th ed], p 280.)' "

See *People v Miller,* 2 Cal 2d 527, 530–532; 42 P2d 308; 98 ALR 913.

"Attempt," as defined by Webster's Seventh New Collegiate Dictionary, is "to make an effort" or "to

try" something. When defendant was asked " * * * did something happen here that, in this attempt, that you were intercepted and prevented in the attempted possession of it", it is possible that he had or had not made a direct movement toward the commission of the crime. Defendant's affirmative response required him to make a legal determination which should have been made by the trial judge after eliciting proper facts regarding the commission of the crime charged. We are, therefore, compelled to set aside defendant's guilty plea. Due to our holding, it is unnecessary to consider the other issue raised.

Reversed and remanded.

All concurred.