PEOPLE v CUMMINGS

Docket No. 77-2013. Submitted May 2, 1978, at Detroit.—Decided July 6, 1978.

Warren Cummings entered a plea of guilty to a charge of attempted breaking and entering an occupied dwelling with intent to commit larceny. The prosecution moved to set aside the plea on two bases: (1) in his plea, the defendant stated that he did not know that it was an occupied dwelling, and (2) the prosecutor was not made aware of the defendant's extensive record for breaking and entering. The trial court set aside the plea on both bases. Subsequently, the defendant pled guilty to breaking and entering an occupied dwelling with intent to commit larceny. On the sentencing date the defendant moved to withdraw the plea, but that motion was denied, Detroit Recorder's Court, Samuel H. Olsen, J. Defendant appeals. *Held:*

1. The trial court's first basis for setting aside the original plea was improper since it is not an element of the offense that the defendant know that the building he entered was an occupied dwelling house. However, the second basis for setting aside the plea was proper because defense counsel had concealed material information during plea bargaining.

2. The trial court did not abuse its discretion in refusing to allow the defendant to withdraw his subsequent plea since the defendant offered no reason for wanting to withdraw it and the trial court reviewed the plea and found that it was knowingly and voluntarily made.

3. The trial court was not required to inform the defendant of the possibility of consecutive sentences prior to accepting the defendant's guilty plea.

4. The defendant was not prejudiced by the substitution at sentencing of one attorney from the Detroit Defender's Office for another from the same office.

Affirmed.

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 13 Am Jur 2d, Burglary §§ 1, 24.
[2-3] 21 Am Jur 2d, Criminal Law §§ 503–506.
[4] 21 Am Jur 2d, Criminal Law §§ 547–551.

1. Burglary—Larceny—Elements—Occupied Dwelling—Defendant's Knowledge—Plea of Guilty—Withdrawal of Plea—Prosecutor's Motion—Statutes.

A defendant's knowledge that a dwelling is occupied is not an element of the offense of breaking and entering an occupied dwelling with intent to commit larceny; therefore, it was improper for a trial court to set aside a defendant's plea of guilty to attempted breaking and entering an occupied dwelling with intent to commit larceny based on the fact that the defendant, in his plea, stated that he did not know that it was an occupied dwelling (MCL 750.110; MSA 28.305).

2. Criminal Law—Plea of Guilty—Plea Bargains—Setting Plea Aside—Prosecutor's Motion—Breaking and Entering—Discretion.

As a general rule, even unwise plea bargains are binding on the prosecutor; however, it was not an abuse of the trial court's discretion to set aside a defendant's plea of guilty to a charge of attempted breaking and entering an occupied dwelling with intent to commit larceny, on the prosecutor's motion, where the trial court found that defense counsel had concealed material information regarding the defendant's extensive record for breaking and entering and where there was evidence to support this finding.

3. Criminal Law—Plea of Guilty—Motions—Withdrawal of Plea—Discretion.

A trial court did not abuse its discretion in denying a defendant's motion to withdraw his guilty plea where the defendant offered no reason for wanting to withdraw his plea and the trial court had reviewed the plea and found it knowingly and voluntarily made.

4. Criminal Law—Plea of Guilty—Consecutive Sentences—Informing Defendant.

A trial court is not required to inform a defendant of the possibility of consecutive sentences prior to accepting the defendant's guilty plea.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward R. Wilson,* Principal Attorney, Appeals, and *Andrea L. Solak,* Assistant Prosecuting Attorney, for the people.

*Bruce R. Saperstein,* for defendant on appeal.

Before: M. F. CAVANAGH, P. J., and BRONSON and D. F. WALSH, JJ.

BRONSON, J. The primary issue in this guilty-plea appeal is whether a plea may be set aside before sentencing on the prosecutor's motion on the basis that defense counsel concealed material facts during plea bargaining.

Defendant originally pled guilty to attempted breaking and entering an occupied dwelling with intent to commit larceny on June 28, 1976, pursuant to a plea bargain.[1]

On July 6, 1976, before sentencing, the prosecutor moved to set aside this plea on two bases: (1) in his plea, defendant stated that he did not know it was an occupied dwelling, and (2) the prosecutor was not made aware of defendant's extensive record for breaking and entering. The trial court granted the motion on both bases.

Subsequently, defendant pled guilty to breaking and entering an occupied dwelling with intent to commit larceny, MCL 750.110; MSA 28.305. He moved on the sentencing date to withdraw the plea, but that motion was denied. He now appeals of right.

Defendant first contends that the trial court erred in setting aside his original plea to attempted breaking and entering. The trial court's first reason for setting aside the plea was insufficient. It is not an element of MCL 750.110; MSA 28.305 that defendant know the building he en-

---

[1] In return for the plea, the prosecutor agreed not to proceed under the habitual offender act, MCL 769.10–769.13; MSA 28.1082–28.1085.

tered was an occupied dwelling house.[2]

However, we hold that the trial court's second reason was sufficient to justify setting aside the plea.

As a general rule, even unwise plea bargains are binding on the prosecutor. *Santobello v New York,* 404 US 257; 92 S Ct 495; 30 L Ed 2d 427 (1971), *People v Reagan,* 395 Mich 306; 235 NW2d 581 (1975). However, *People v Reagan, supra,* indicates that there may be situations in which a plea agreement may be held not to bind the prosecutor:

"We are not confronted with the situation where the prosecutor is misled by force of defendant's connivance into a disadvantageous agreement or where facts not within the fair contemplation of agreement have come to light." *People v Reagan, supra,* at 318.[3]

See *State v Lord,* 109 NJ Super 80; 262 A2d 244 (1970).

In the case at bar, the lower court found that defense counsel had concealed material information during plea bargaining. There was evidence to support this finding.[4] On these facts, the trial court

---

[2] *See, e.g., People v Benevides,* 71 Mich App 168, 171–172; 247 NW2d 341 (1976), holding that the elements of breaking and entering an occupied dwelling are: (1) a breaking and entering, (2) of an occupied dwelling, (3) with felonious intent.

The statute reads in part:

"Any person who breaks and enters any occupied dwelling house, with intent to commit any felony or larceny therein, shall be guilty of a felony punishable by imprisonment in the state prison for not more than 15 years. For the purpose of this section 'any occupied dwelling house' includes one that does not require the physical presence of an occupant at the time of the breaking and entering but one which is habitually used as a place of abode." MCL 750.110; MSA 28.305.

[3] GCR 1963, 785.7(6) does not state when a plea may be withdrawn on the prosecutor's motion.

[4] Defendant told the court that he had informed his attorney of his record. It is undisputed that the prosecutor was not informed of it.

did not abuse its discretion in setting aside defendant's first guilty plea.

Defendant next contends that the trial court abused its discretion in not allowing him to withdraw his second guilty plea on the date of sentencing. At sentencing, defendant stated that he wanted to withdraw his guilty plea, but offered *no* reason for wanting to withdraw it. The trial court denied his motion, stating that it had reviewed the plea and found it knowingly and voluntarily made.[5] We hold that the trial court did not abuse its discretion. *People v Stewart,* 23 Mich App 589; 179 NW2d 193 (1970). See *People v Zaleski,* 375 Mich 71; 133 NW2d 175 (1965).

Defendant also challenges his second guilty plea on the basis that the trial court failed to inform him of the possibility of consecutive sentences. This, however, is not required. *People v Bennett,* 76 Mich App 264; 256 NW2d 459 (1977), *People v Larkins,* 59 Mich App 199; 229 NW2d 378 (1975).

Finally, we hold that defendant was not prejudiced by the substitution of one attorney from the Detroit Defender's Office by another from the same office at sentencing. Defendant fails to even allege prejudice from that substitution. See *People v Edwards,* 18 Mich App 526; 171 NW2d 592 (1969).

Affirmed.

---

[5] The record supports this finding.