PEOPLE v GREEN

Docket No. 63332. Submitted December 7, 1982, at Lansing.—Decided
February 25, 1983.

Thomas N. Green was convicted on his plea of guilty in Midland
Circuit Court, Tyrone Gillespie, J., of transporting a female for
the purpose of prostitution. Defendant appeals. *Held:*

1. The statute on the transportation of a female for the
purpose of prostitution is not, under the facts of this case,
unconstitutionally vague or overbroad.

2. Since the statute uses the word "person" with reference to
those who may be convicted under the statute, the statute does
not deny equal protection on gender based grounds. The fact
that the object of the criminal activity must be a female does
not give rise to a gender based equal protection claim.

3. Since a reasonable jury could have found defendant guilty
of the charged crime on the basis of the facts admitted by
defendant at the plea proceeding, there was an adequate fac-
tual basis to support his plea of guilty.

4. The absence of a specific recommendation in the presen-
tence report as to the best disposition of the defendant renders
the presentence report deficient under the statutory mandate.
Defendant's failure to object to his sentence in the trial court
does not waive his right to assert on appeal that the presen-
tence report violates the statutory mandate. The failure of the
presentence report to accord with the statutory requirements
mandates remand for resentencing with a proper presentence
report.

Affirmed and remanded for resentencing.

References for Points in Headnotes

[1-4] 73 Am Jur 2d, Statutes § 346.

[3-5] 63 Am Jur 2d, Prostitution § 9.

[3] 73 Am Jur 2d, Statutes §§ 249,297.

[4] 73 Am Jur 2d, Statutes § 41.

[5] 21 Am Jur 2d, Criminal Law § 489.

[6] 5 Am Jur 2d, Appeal and Error §§ 548, 549, 976. 21 Am Jur 2d,
Criminal Law §§ 528, 583.

Due process requirements of presentence procedure following con-
viction. 3 L Ed 2d 1808.

1. Constitutional Law — Criminal Law — Vagueness — Statutes.

A challenge to a criminal statute on the ground that it is unconstitutionally vague must be examined in light of the facts of the case at hand.

2. Constitutional Law — Criminal Law — Overbreadth — Statutes.

A defendant may not challenge the constitutionality of a criminal statute on the ground that the statute is overbroad as to him where the statute is clearly applicable to the defendant's conduct.

3. Criminal Law — Prostitution — Transporting for Prostitution — Constitutional Law.

The statute making it a crime to transport a female for the purpose of prostitution is neither vague nor overbroad when applied to the transporting of a woman from one city to another for the purpose of placing her in a house of prostitution, since, whatever else the statute may or may not cover, it clearly applies to this particular situation (MCL 750.459; MSA 28.714).

4. Criminal Law — Prostitution — Transporting for Prostitution — Constitutional Law — Equal Protection.

The statute making it a crime to transport a female for the purpose of prostitution uses the word "person"; accordingly, either a man or woman can be convicted under it and the statutory scheme does not deny equal protection on the basis of gender; the fact that the object of the act involves a female and not a male does not violate the right of the person charged under the act to equal protection of the law (MCL 750.459; MSA 28.714).

5. Criminal Law — Guilty Pleas — Prostitution — Transporting for Prostitution.

A sufficient factual basis to support the acceptance of a guilty plea to transporting a female for the purpose of prostitution is shown where the accused admits that he transported a female for the purpose of prostitution, since a jury could have reasonably found on the admitted facts that the accused was guilty of the charged crime.

6. Criminal Law — Sentencing — Presentence Reports — Sentence Recommendations.

Remand for resentencing is mandated where the presentence report fails to make a specific recommendation as to disposition

of the defendant as required by statute; the defendant's failure to object to the sentencing does not waive the right to assert on appeal the right to resentencing on the basis of the failure of the presentence report to comply with statutory mandate (MCL 771.14; MSA 28.1144).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Gerald L. White,* Prosecuting Attorney, and *Mary C. Smith,* Assistant Attorney General, for the people.

State Appellate Defender (by *Stuart B. Lev),* for defendant on appeal.

Before: BRONSON, P.J., and T. M. BURNS and ALLEN, JJ.

PER CURIAM. On July 6, 1981, defendant pled guilty to transporting a female for the purpose of prostitution, MCL 750.459; MSA 28.714, and was sentenced to a term of from 5 to 20 years imprisonment. He appeals as of right.

Defendant first argues that the statute to which he pled guilty is unconstitutionally vague and overbroad. However, constitutional challenges on the basis of vagueness, other than those based on First Amendment rights, must be examined in the light of the case's particular facts. *People v Gilliam,* 108 Mich App 695; 310 NW2d 843 (1981). Furthermore, for defendant to have standing to challenge the statute on overbreadth the statute must be "overbroad in relation to defendant's conduct. One may not constitutionally challenge a statute on grounds of overbreadth against him when the statute clearly applies." *People v Burton,* 87 Mich App 598, 601; 274 NW2d 849 (1978). Defendant's hypotheticals for both constitutional attacks present some interesting problems. However, defendant's conduct clearly fits within the

statute. He intentionally drove in his car a woman from Saginaw to Midland to place her into a house of prostitution. Whatever else the statute may or may not cover, it applies here. As such, defendant has no standing to argue either constitutional issue.

Defendant also argues that the statute is unconstitutional because it impermissibly discriminates on the basis of sex. However, the operative word in the statute is the word "person". As such, either men or women can violate this statute. Therefore, defendant does not have standing to challenge this statute on an equal protection basis. In *United States v Garrett,* 521 F2d 444, 446 (CA 8, 1975), the defendant appealed his Mann Act, 18 USC 2421, conviction claiming that it denied him equal protection of the laws because it applied only to transporting females and not to transporting males:

"The persons affected by a criminal statute are defendants. Garrett does not argue that similarly situated defendants are treated disparately on the basis of sex. * * * The statute may be violated by either males or females, it is thus sexually neutral and does not raise questions of an illegal classification."

Similar results have been reached in *United States v Bankston,* 603 F2d 528 (CA 5, 1979); *State v Zaehringer,* 280 NW2d 416 (Iowa, 1979); *United States v Smith,* 574 F2d 988 (CA 9, 1978), *cert den sub nom Komok v United States,* 439 US 852; 99 S Ct 158; 58 L Ed 2d 156 (1978) (construing Washington law); *Ex Parte Groves,* 571 SW2d 888 (Tex Crim App, 1978); *United States v Green,* 554 F2d 372 (CA 9, 1977); *People v Sherrod,* 50 Ill App 3d 532; 8 Ill Dec 607; 365 NE2d 993 (1977); *United States v Caesar,* 368 F Supp 328 (ED Wis, 1973),

*aff'd sub nom United States v Harden,* 519 F2d 1405 (CA 7, 1975).

Defendant next argues that the following factual basis elicited at his guilty plea is insufficient:

"*The Court:* All right. Tell me in your own words what happened which caused this information to be filed against you?

"*The Respondent:* I transported a female on a trip I was making for the use of prostitution.

"*The Court:* And when did this occur?

"*The Respondent:* On or about February 10th, 1981.

"*The Court:* All right. And what was the name of this female person?

"*The Respondent:* Dawn M. Neer.

"*The Court:* And did you transport her in the County of Midland?

"*The Respondent:* Yes, sir.

"*The Court:* The purpose was to either place her in a house of prostitution or to get her into prostitution; is that right?

"*The Respondent:* Yes, sir.

"*Mr. Rhead:* I don't believe, your Honor, he was going to get her into prostitution. I think he—Mr. Green knew that she was a prostitute and transported her for that purpose.

"*The Court:* All right.

"*The Respondent:* Yes.

"*The Court:* If he wants to tell me that, fine.

"*The Respondent:* Yes, sir.

"*The Court:* She was a prostitute, you transported her; is that right?

"*The Respondent:* Yes, sir.

"*The Court:* And for that purpose?

"*The Respondent:* Yes, sir."

Defendant argues that this recital was nothing more than just responding affirmatively to a legal conclusion as was condemned in *People v Atcher,*

57 Mich App 148, 151; 226 NW2d 77 (1974):[1] "Defendant's affirmative response required him to make a legal determination * * *." However, the present case presents more than just the legal determination based on three questions as in *Atcher.* A reasonable jury could have drawn an inculpatory inference from this factual basis and convicted defendant. *People v Haack,* 396 Mich 367; 240 NW2d 704 (1976); *Guilty Plea Cases,* 395 Mich 96; 235 NW2d 132 (1975), *cert den* 429 US 1108; 97 S Ct 1142; 51 L Ed 2d 561 (1977). Here, defendant admitted to transporting Dawn Neer and to the fact that the object of the trip was for the purpose of prostitution. These statements constituted more than a mere admission that he was legally guilty.

Defendant next argues that he should be resentenced because the original presentence report did not comply with MCL 771.14; MSA 28.1144, which requires that the "report shall include a specific written recommendation for disposition". The presentence report in this case states:

"Recommendation

"If incarcerated, he should be given credit for twenty-two (22) days served.

"If placed on probation, the following special terms are suggested: * * *."

In failing to make any recommendation at all, this report does not comply with the statute. As such, this case is distinguishable from *People v Joseph,* 114 Mich App 70; 318 NW2d 609 (1982), where this Court ruled that the probation department had

---

[1] *Atcher* is a pre-GCR 1963, 785.7 case. Whether or not it has any continuing validity need not be decided.

complied with the statute by recommending that the defendant not be placed on probation.

In *People v Duhamel,* 72 Mich App 77; 248 NW2d 670 (1976), the presentence report was oral. Because the statute specifically requires that it be written, this Court remanded for a resentencing. Where the presentence report clearly does not comply with the statute's requirements, this Court will remand for a resentencing even though the defendant failed to object at sentencing. Pursuant to *People v Triplett,* 407 Mich 510; 287 NW2d 165 (1980), a new presentence report must be drawn up. Because we are remanding, defendant's other issues are moot.

Defendant's conviction is affirmed. This case is remanded for a resentencing.