# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
December 15, 2016

Plaintiff-Appellee,

v

No. 329164
Kent Circuit Court
LC No. 12-005738-FC

DORIAN JACQUELL JONES,

Defendant-Appellant.

Before: WILDER, P.J., and MURPHY and O'BRIEN, JJ.

PER CURIAM.

Defendant, Dorian Jacquell Jones, pleaded guilty to three counts (counts 1-3) of first-degree criminal sexual conduct (CSC I), MCL 750.520b(1), four counts (counts 4-7) of armed robbery, MCL 750.529, and one count (count 8) of first-degree home invasion, MCL 750.110. He was sentenced to concurrent prison terms of 18 to 40 years on counts 4-8; a prison term of seven to 20 years on count 8, which is to be served consecutive to the sentences for counts 4-8; and concurrent prison terms of 18 to 40 years on counts 1-3, which are to be served consecutive to the sentence for count 8. Defendant appeals by leave granted the trial court's August 28, 2015 order denying his motion to withdraw his guilty pleas. *People v Jones*, unpublished order of the Court of Appeals, entered October 30, 2015 (Docket No. 329164). We affirm.

Defendant's sole argument on appeal is that the trial court abused its discretion in denying his motion to withdraw his guilty pleas. First, defendant argues that he is entitled to withdraw his pleas because he did not understand what a "consecutive sentence" was. Second, he argues that he is entitled to withdraw his pleas because there was an insufficient factual basis for them. We disagree in both respects.

This Court reviews a trial court's decision on a motion to withdraw a guilty plea for an abuse of discretion. *People v Billings*, 283 Mich App 538, 549; 770 NW2d 893 (2009). "There is no absolute right to withdraw a guilty plea once it has been accepted." *People v Gomer*, 206 Mich App 55, 56; 520 NW2d 360 (1994). Instead, a trial court must determine "that there was an error in the plea proceedings that would entitle the defendant to have the plea set aside." MCR 6.310(C). In other words, "[a] defendant seeking to withdraw his or her plea after sentencing must demonstrate a defect in the plea-taking process." *People v Brown*, 492 Mich 684, 693; 822 NW2d 208 (2012). The requirements for a plea-taking process are set forth in

-1-

MCR 6.302, which seeks to ensure that a defendant's plea is voluntary, understanding, and accurate. *Id*. at 688-689.

According to MCR 6.302(B), the court must inform a defendant as to the maximum possible sentence and any mandatory minimum sentence. However, "the trial judge need not inform the defendant of all sentence consequences[.]" *People v Jahner*, 433 Mich 490, 502; 446 NW2d 151 (1989). The trial court must inform the defendant of the direct consequences of his plea, but it is not required to inform the defendant of the collateral consequences of his plea. *People v Cole*, 491 Mich 325, 333-334; 817 NW2d 497 (2012). The distinction between direct and collateral consequences of a plea "turns on whether the result represents a definite, immediate and largely automatic effect on the range of the defendant's punishment." *Id*. at 334 (citation and internal quotation marks omitted). Under the precursor to MCR 6.302(B), our Michigan Supreme Court held that a trial court was not required to inform the defendant of "potential sentence consequences such as consecutive sentencing." *People v Johnson*, 413 Mich 487, 490; 320 NW2d 876 (1982). In *People v Fonville*, 291 Mich App 363, 385; 770 NW2d 893 (2009), while determining whether the trial court's failure to advise the defendant as to a sentencing increase due to habitual-offender status violated MCR 6.302(B), this Court listed the "possibility of imposition of consecutive sentences" as an example of one of the "collateral or incidental consequences" that the trial court is not required to disclose. See also *People v Cummings*, 84 Mich App 509, 513; 269 NW2d 658 (1978).

On appeal, defendant first argues that he is entitled to withdraw his pleas because he did not understand what "consecutive sentence" meant. However, the trial court is only required to disclose the direct consequences of a defendant's plea that automatically affect the range of his sentence. *Cole*, 491 Mich at 333-334. Because consecutive sentencing was discretionary, i.e., not mandatory, in this case, the trial court was not required to inform defendant of the possibility that the sentences for his convictions would run consecutively. *Johnson*, 413 Mich at 490; *Fonville*, 291 Mich App at 385.

Furthermore, defendant's argument is not supported by anything in the record. At the plea hearing, the trial court discussed consecutive sentencing with defendant and both attorneys:

> *The Court*: And just so we're clear here, is there anything mandatorily consecutive within these counts?
>
> [*The Prosecutor*]: There's nothing mandatorily consecutive, your Honor.
>
> Part of the plea agreement is he's pleading guilty as charged to the offenses in this file, and we're agreeing not to write any other armed robberies or other B&E offenses that we know about that occurred in Kent County over this period of time. We are not going to get involved in sentencing, save for the correction of any scoring errors, and we will advocate for consecutive sentencing. But that is up to the discretion of the Court, is not mandatorily consecutive, and that will still be within the Court's discretion.
>
> *The Court*: All right.
>
> That's your understanding, [defense counsel]?

> [*Defense Counsel*]:  It is, your Honor.
>
> *The Court*:  Mr. Jones?
>
> *The Defendant*:  Yes.

The trial court reiterated the portion of the plea agreement relating to consecutive sentencing, and defendant stated on the record that it was consistent with his understanding of the plea agreement.  Had defendant truly not understood the term, this would have provided an opportunity for him to articulate any confusion.  But, he did not do so.  Therefore, because the record is absent of support for defendant's argument, it must fail.  *People v Hoag*, 460 Mich 1, 6; 594 NW2d 57 (1999) (explaining that defendants have the burden of establishing the factual predicate for their appellate arguments).

In addition to advising the defendant of the maximum potential sentence and any minimum sentence requirements, the trial court is also required to "establish support for a finding that the defendant is guilty of the offense charged or the offense to which defendant is pleading."  MCR 6.302(D).  "When reviewing whether the factual basis for a plea was adequate, this Court considers whether the fact-finder could have found the defendant guilty on the basis of the facts elicited from the defendant at the plea proceeding."  *Fonville*, 291 Mich App at 377.  "A factual basis is sufficient as long as an inculpatory inference may be drawn from the facts presented."  *People v Eloby (After Remand)*, 215 Mich App 472, 479; 547 NW2d 48 (1996).

The factual basis created to support the defendant's guilty pleas must be more than mere legal conclusions.  *People v Atcher*, 57 Mich App 148, 151; 226 NW2d 77 (1974).  However, a defendant's confirmation of a trial court's leading questions that contain legal terms does not, in and of itself, render the factual basis insufficient.  See *People v Downey*, 183 Mich App 405, 422; 454 NW2d 235 (1990) (holding that a defendant was not entitled to withdraw his plea despite the use of the legal term "delivery" during the plea), abrogated in part by *People v Williams*, 189 Mich App 400, 402; 473 NW2d 727 (1991).  Where a legal term is used, there is still a sufficient factual basis so long as the common definition of the term describes the defendant's actions.  *Downey*, 183 Mich App at 422.  Ultimately, it is not the defendant's burden "to know whether indeed he was legally guilty."  *People v Taylor*, 387 Mich 209, 224-225; 195 NW2d 856 (1972).  Instead, where the act defendant admits to "constitute[s] more than a mere admission that he was legally guilty," an adequate factual basis is established.  *People v Green*, 123 Mich App 563, 568; 332 NW2d 610 (1983).

Defendant's second argument on appeal is that the trial court failed to "establish support for a finding that the defendant is guilty" of aiding and abetting three counts of CSC I.  To be found guilty of aiding and abetting, defendant must have "procure[d], counsel[ed], aid[ed], or abet[ted]" in the commission of CSC I.  MCL 767.39.  Based on the facts elicited from defendant at the plea hearing, defendant could have been found guilty beyond a reasonable doubt of aiding and abetting three counts of CSC I.  *Fonville*, 291 Mich App at 377.  Defendant and defense counsel indicated as follows at the plea hearing:

> *The Court*:  Tell me then, Mr. Jones, on or about June 4 of the year
> 2012 . . . did you engage in sexual penetration, to-wit:  oral/penile with [the

victim], under the following circumstances: During the commission of a felony of armed robbery?

[Defense counsel), what part is he pleading to here? What was his involvement?

*Defense Counsel*: Your Honor, he was an aider and abettor in the CSC offenses, as he was . . . in committing the home invasion and the armed robbery. However, he observed the CSC occurring, but did not personally participate in that particular offense. He did aid and abet, however.

*The Court*: All right.

So that's correct, then, Mr. Jones, in Count One you aided and abetted --

*Defendant*: Yes.

*The Court*: -- the people you were with in committing an armed robbery and the commission of the sexual penetration?

*Defendant*: Yes.

*The Court*: And in Count Two, again, criminal sexual conduct, first degree, sexual penetration, oral/penile with [the victim] during the commission of the felony of armed robbery, and you again were aiding and abetting the others in the armed robbery and the criminal sexual conduct?

*Defendant*: Yes.

*The Court*: And in Count Three, again, criminal sexual conduct, first degree, sexual penetration, digital/vaginal with [the victim], again, during the commission you aided and abetted during the commission of the armed robbery and of sexual penetration?

*Defendant*: Yes.

*The Court*: And I believe it's correct here, Mr. Johnson, in Count Three, there was sexual penetration through force or coercion and the victim sustained personal injury. Is that all correct, Mr. Jones?

*Defendant*: Yes.

*The Court*: And I should go back -- and that's the case in Counts One and Two also; that there was sexual penetration by force or coercion, and the victim here, Miss Brown, sustained some sort of a personal injury?

*Defendant*: Yes.

* * *

-4-

*The Court*: You understand that, Mr. Jones, as one of the consequences of pleading guilty to the three criminal sexual conduct counts, that there will be mandatory lifetime electronic monitoring?

*Defendant*: Yes.

Thus, "[w]hile the better practice at a plea proceeding would be the use of nonleading questions," defendant's verbal affirmation, i.e., "yes," to this information is sufficient to establish a factual basis for the entry of the guilty pleas even though the descriptive information about the crimes and defendant's involvement came from the trial court and defense counsel. *Downey*, 183 Mich App at 422; *Green*, 123 Mich App at 568.

Furthermore, the use of the legal term "aiding and abetting" in the colloquy does not render it insufficient under MCR 6.302. *Downey*, 183 Mich App at 422. The common understanding of "aiding and abetting" as assisting or helping is sufficient—when considered with defendant's admissions that he was present, that sexual penetration occurred during the course of a robbery, and that the victim suffered personal injury—to draw an inculpatory inference that defendant satisfied the legal definition of "aiding and abetting" CSC I. Finally, defendant's consistent confirmation of his responsibility at the plea hearing and the sentencing hearing, including an apology to the victim at the sentencing hearing, undermine his post-sentencing claims that he did not commit the acts that he admitted to. Ultimately, because the trial court followed the procedures set forth in MCR 6.302 to ensure a voluntary, understanding, and accurate plea during the plea hearing, we conclude that the trial court did not abuse its discretion in denying defendant's motion to withdraw his guilty pleas.

Affirmed.

/s/ Kurtis T. Wilder
/s/ William B. Murphy
/s/ Colleen A. O'Brien