*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

CHARLES LAJON WIGGINS,

        Defendant-Appellant.

UNPUBLISHED
December 10, 2020

No. 349860
St. Clair Circuit Court
LC No. 18-001301-FH

Before: MURRAY, C.J., and K. F. KELLY and STEPHENS, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial conviction of transporting a person for purposes of prostitution, MCL 750.459. Defendant was sentenced, as a fourth-offense habitual offender, MCL 769.12, to 30 months to 25 years' imprisonment. Finding no errors warranting reversal, we affirm.

## I. BASIC FACTS AND PROCEDURAL HISTORY

This case arises out of an undercover investigation that occurred in Port Huron, Michigan, in May 2018. Marysville Police Detective James Disser was working with a task force of officers when he saw an advertisement that pictured a very young woman, perhaps a juvenile victim. The advertisement indicated that the victim worked as a female escort and provided a phone number. The advertisement contained a list of "services" the victim would provide for specified prices, including "the girlfriend experience," and she offered to meet at a private residence or a motel. Detective Disser contacted the phone number and exchanged text messages and phone calls with the individual who was using that phone number. Specifically, the detective inquired if the victim would be willing to meet in Port Huron. The victim agreed to the meeting for 30 minutes at a rate of $200 plus $25 for gas.

After agreeing to the meeting, the victim requested that the detective call and verify the date before she left. Three phone calls were played for the jury during which Detective Disser spoke to the victim. However, he noted that a male voice was heard in the background telling the victim what to say. For example, the male voice instructed the victim to tell the customer to have the money ready as soon as she arrived. The male voice caused the detective to be concerned that

-1-

the victim might be subject to sex trafficking or that a robbery may be planned. Detective Disser told the victim to meet him at a motel room in Port Huron where police officers were already stationed.

The police officers observed a Saturn Vue pull into the motel parking lot, its lights were turned off, and the vehicle parked near the motel room. The victim exited the passenger side of the vehicle and approached the motel room where she was arrested. At that time, she had two cellular telephones and a condom on her person. One of the phones contained the text messages that established the meeting. Defendant was arrested while sitting in the driver's seat of the vehicle, and there was a box of condoms and lingerie inside the vehicle.

The victim admitted that she engaged in prostitution during a low period in her life when she needed to earn money quickly. Defendant used photographs of the victim to create an advertisement and provided a phone number in the ad that was not the victim's personal number. The advertisement admittedly offered sexual services in exchange for money. Defendant provided the phone and principally communicated with the customers. Additionally, he drove with her to the meeting locations to provide safety and security and took half of her earnings.

The victim testified that she and defendant were in Detroit when she received a text message from a potential customer and agreed to meet the customer in Port Huron. The potential customer was actually Detective Disser. During the victim's phone conversations with the detective, defendant could be heard speaking in the background, but she could not recall what he said. According to the victim, she and defendant traveled to Port Huron together, and defendant knew the victim planned to meet a customer there. Defendant drove the victim to Port Huron in her vehicle. The victim admitted that she initially lied and denied that defendant played any role in prostitution, but her trial testimony was truthful. Additionally, she felt pressured to sign an affidavit in favor of defendant, but she ultimately declined to do so.

The defense theory of the case was that defendant merely drove with the victim from the casino because she was his ride and that he played no role in her activities. Despite this theory, the jury convicted defendant as charged.

## II. SUFFICIENCY OF THE EVIDENCE

Defendant alleges there was insufficient evidence to prove beyond a reasonable doubt that he knowingly transported the victim for purposes of prostitution. We disagree.

A defendant's challenge to the sufficiency of the evidence is reviewed de novo. *People v Miller*, 326 Mich App 719, 735; 929 NW2d 821 (2019). When reviewing a claim of insufficient evidence, we review the evidence "in a light most favorable to the prosecution to determine whether a rational trier of fact could find that the prosecution proved the crime's elements beyond a reasonable doubt." *Id*. "[I]t is the role of the jury, not this Court, to determine the weight of the evidence or the credibility of witnesses." *People v Eisen*, 296 Mich App 326, 331; 820 NW2d 229 (2012) (quotation marks and citation omitted). Therefore, "a reviewing court is required to draw all reasonable inferences and make credibility choices in support of the jury verdict." *People v Oros*, 502 Mich 229, 239; 917 NW2d 559 (2018) (quotation marks, citation, and emphasis omitted).

MCL 750.459(1) governs the offense of transporting a person or facilitating travel for prostitution and provides, "[a] person shall not knowingly transport or cause to be transported, or aid or assist in obtaining transportation for, by any means of conveyance, into, through, or across this state, any person for the purpose of prostitution . . . ." Thus, a person violates MCL 750.459 if that person knowingly transports another intrastate and the purpose of the trip is prostitution. See *People v Green*, 123 Mich App 563, 565-566; 332 NW2d 610 (1983) (holding that the defendant violated MCL 750.459 by intentionally driving another person from one Michigan city to another for purposes of prostitution).

Defendant claims there was insufficient evidence to prove beyond a reasonable doubt that he knowingly transported the victim. Specifically, defendant submits that the victim transported herself to Port Huron because they traveled in her vehicle and she drove for a portion of the trip. This argument is unpersuasive. Nothing in the statutory language indicates that a defendant must transport the other person the entire length of the trip. The statute merely prohibits, in relevant part, a defendant from transporting another or causing another to be transported. MCL 750.459(1). Similarly, the statute does not require a defendant to transport another person in the defendant's own vehicle. See *id*. Rather, the statute prohibits transporting a person for purposes of prostitution "by any means of conveyance." *Id*.

Furthermore, the victim testified that defendant created the advertisement and provided the telephone and number that Detective Disser used to contact her and plan the meeting in Port Huron. The victim testified that defendant was aware of her activity, provided safety and security, and took half of her earnings. When the two arrived at the motel, the victim was observed leaving the passenger seat of the vehicle and defendant was the driver. Indeed, defendant was arrested from the driver's seat of the vehicle. Irrespective of whether the victim drove for part of the trip to Port Huron, there was sufficient evidence for the jury to find that defendant transported the victim for a portion of the trip and transported her to the ultimate destination, the motel. Additionally, there was sufficient evidence for the jury to find that defendant knowingly transported the victim for prostitution in light of his creation of the advertisement and provision of the cell phone. The advertisement delineated sexual services that would be provided in exchange for money. Defendant could be heard in the background of the phone calls between the detective and the victim delineating how the transaction should occur. Viewed in a light most favorable to the prosecution, a rational trier of fact could find that defendant transported the victim for prostitution. See *Miller*, 326 Mich App at 735.

Affirmed.

/s/ Christopher M. Murray
/s/ Kirsten Frank Kelly
/s/ Cynthia Diane Stephens

-3-