PEOPLE v. RAWLINS

1. CRIMINAL LAW—STATUTES—SENTENCES—DISCRETION.
   An appellate court does not have supervisory control over punishment and when a sentence is within the statutory maximum, a trial court has wide discretion in determining its length.

2. CRIMINAL LAW—STATUTES—BREAKING AND ENTERING—SENTENCES
   —REVIEWABILITY.
   Defendant's prison sentence of two to ten years for breaking and entering a store was within the maximum provided by statute and was not "too cruel" where the record showed that the trial judge had ordered a sentence deferred to afford the defendant an opportunity to continue with a plan for rehabilitation and had imposed the sentence after he had determined that defendant was not making a real effort to rehabilitate himself (MCLA § 750.110).

Appeal from Hillsdale, Robert W. McIntyre, J. Submitted Division 2 October 9, 1969, at Lansing. (Docket No. 4,305.)   Decided October 27, 1969.

David Leo Rawlins was convicted, on his plea of guilty, of breaking and entering a store. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *James B. Parker,* Prosecuting Attorney, for the people.

*Charles G. Gibbons,* for defendant.

REFERENCE FOR POINTS IN HEADNOTES
[1, 2]  5 Am Jur 2d, Appeal and Error § 938.

Before: QUINN, P. J., and BRONSON and T. M. BURNS, JJ.

PER CURIAM. Defendant pled guilty to a charge of breaking and entering a store in violation of MCLA § 750.110 (Stat Ann 1968 Cum Supp § 28.305) on October 10, 1966. A presentencing investigation was conducted, and, on February 1, 1967, the trial judge ordered sentence deferred to afford the defendant an opportunity to continue with a plan for rehabilitation.

On July 17, 1967, the trial judge passed sentence of not less than 2 nor more than 10 years after he determined that defendant was not making a real effort to rehabilitate himself. The defendant's only complaint, on appeal, is that the trial judge "was too cruel in sentencing him to prison because he (the defendant) did not make proper restitution and the defendant feels that it should have been part of the order deferring sentence, that he be instructed to make restitution."

A careful review of the record on appeal lends no support to such a contention and makes it clear that the trial judge was only concerned with defendant's failure to rehabilitate himself.

In any event, the sentence here was within the maximum provided by statute. This Court said in *People* v. *Pate* (1965), 2 Mich App 66, 68:

"When a sentence is within the maximum provided by statute, the trial court has wide discretion and an appellate court does not have supervisory control over punishment." (Citations omitted.)

Finding no merit in defendant's complaint, we affirm.

Affirmed.