PEOPLE v. WATSON

PEOPLE v. WELLS

1. CRIMINAL LAW—PLEA OF GUILTY—ELEMENTS OF OFFENSE—LEADING QUESTIONS.

Defendants' allegation of error were devoid of merit where they claimed that the trial court erred in its examination, pursuant to their pleas of guilty to the charge of gross indecency with a female, because all of the elements of offense charged were established not in their own words but through "yes" answers to leading questions propounded by the court (MCLA § 750.338b; GCR 1963, 785.3[2]).

2. CRIMINAL LAW—FELONY—PLEA OF GUILTY—EXAMINATION BY JUDGE.

The form and manner of the examination which the circuit judge must make of the person before him who pleads guilty to a felony charge is not prescribed but is left to the discretion of the judge (GCR 1963, 785.3[2]).

3. CRIMINAL LAW—STATUTES—SENTENCES.

The Court of Appeals exercises no supervisory control over sentences within the period statutorily authorized.

Appeal from Wayne, Harry J. Dingeman, Jr., J. Submitted Division 1 October 6, 1970, at Detroit. (Docket Nos. 9441, 9545.) Decided December 8, 1970.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 21 Am Jur 2d, Criminal Law §§ 459, 484–496.
Court's duty to advise or admonish accused as to consequences of plea of guilty, or to determine that he is advised thereof. 97 ALR2d 549.
[3] 21 Am Jur 2d, Criminal Law §§ 525–530.

Jerry Lynn Watson and David Lynn Wells were convicted, on their pleas of guilty, of gross indecency with a female. Defendants appeal. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Arthur N. Bishop,* Assistant Prosecuting Attorney, for the people.

*Lawrence R. Greene,* for defendant Watson on appeal.

*Gerald Curtis,* for defendant Wells on appeal.

Before: J. H. GILLIS, P. J., and V. J. BRENNAN and O'HARA,* JJ.

PER CURIAM. Defendants appeal from their convictions upon pleas of guilty to the charge of gross indecency with a female. MCLA § 750.338b (Stat Ann 1954 Rev § 28.570[2]). The people have filed a motion to affirm.

Both defendants claim the trial court erred in its examination pursuant to GCR 1963, 785.3(2) because all of the elements of the offense charged were established not in their own words, but through "yes" answers to leading questions propounded by the court. Judge LEVIN writing for the Court in *People* v. *Byrd* (1968), 12 Mich App 186, noted a similar allegation of error and found it "devoid of merit" necessitating "no further amplification". 12 Mich App at 192. We concur in this view and note

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

in addition that the form and manner for conducting the examination required by GCR 1963, 785.3(2) has been left to the discretion of the trial judge. *People v. Bumpus* (1959), 355 Mich 374, 380.

Defendant Watson also claims that the trial court erred in sentencing him to a term of 4-1/2 to 5 years in the state prison, apparently because he believed a term of only 2-1/2 to 5 years would be imposed. The plea transcript reveals he was clearly advised and understood that the court could impose a sentence of five years imprisonment if the plea of guilty were accepted. Our Court exercises no supervisory control over sentences within the period statutorily-authorized. *People v. Jew* (1970), 21 Mich App 408; *People v. Rawlins* (1969), 19 Mich App 514. Watson's claim contains no allegation as to persons inducing his expectation of a lesser penalty so as to require a remand pursuant to *People v. Bartlett* (1969), 17 Mich App 205.

The allegations of error are manifestly so insubstantial as to require no argument or formal submission. Motion to affirm is granted.