## PEOPLE v WHYTE

Docket Nos. 95679, 95680. Submitted September 14, 1987, at Lansing. Decided January 4, 1988. Leave to appeal applied for.

Michael D. Whyte, also known as Michael D. White, was convicted on his plea of guilty of carrying a concealed weapon, Bay Circuit Court, Eugene C. Penzien, J. Defendant was on probation for an unrelated offense at the time of his arrest for ccw and was subsequently convicted on his plea of guilty of probation violation, Bay Circuit Court, John X. Theiler, J. Defendant was sentenced to prison terms of forty to sixty months on the ccw conviction and twenty-four to forty-eight months on the probation violation. Defendant's separate appeals from both convictions were consolidated by the Court of Appeals.

The Court of Appeals *held:*

1. A defendant's competency to stand trial is an ongoing matter and is appropriately presented whenever evidence of incompetency appears, whether before, during or after the trial. A trial court has an obligation to render a separate finding of competency where a plea is offered and the record provides significant evidence of possible incompetency. In this case, defendant's presentence reports, which were prepared after his guilty pleas but before sentencing, provided significant evidence of defendant's possible incompetency and the trial courts should have made determinations as to defendant's competency.

2. Sufficient reasons for departure from the sentencing guidelines were articulated by the trial court which sentenced defendant on the ccw conviction and the sentence on that conviction did not shock the conscience of this Court.

### REFERENCES

Am Jur 2d, Criminal Law §§ 46 *et seq.*; 66, 71 *et seq.*

Validity, construction, and application of federal statutes providing for pretrial determination of mental competency of person accused of federal crime. 4 L Ed 2d 2077.

Modern status of test of criminal responsibility—federal cases. 56 ALR Fed 326.

Modern status of test of criminal responsibility—state cases. 9 ALR4th 526.

3. Defendant's other claims on appeal are without merit.

Remanded for a competency examination.

CRIMINAL LAW — COMPETENCE TO STAND TRIAL — COMPETENCE TO
    PLEAD — EVIDENCE OF INCOMPETENCY — HEARINGS.

The issue of a defendant's competency to stand trial or to plead is
    an ongoing matter and is appropriately presented whenever
    evidence of incompetency appears, whether before, during or
    after the trial; a trial court has an obligation to render a
    separate finding of competency where a plea is offered and the
    record provides significant evidence of possible incompetency;
    an appellate court may order a new trial where evidence of
    incompetency is presented and no hearing has been held.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *George B. Mullison,* Prosecuting Attorney, and *Martha G. Mettee,* Assistant Prosecuting Attorney, for the people.

*Henry J. Sefcovic,* for defendant.

Before: M. J. KELLY, P.J., and CYNAR and DOCTOROFF, JJ.

M. J. KELLY, P.J. Defendant appeals his convictions. We remand for a competency examination.

On November 25, 1985, defendant pled guilty to a charge of carrying a concealed weapon, MCL 750.227; MSA 28.424. This charge arose from an incident that took place on October 23, 1985, when defendant was found in possession of a knife concealed on his person. Defendant's plea was the result of an agreement with the prosecutor whereby defendant agreed to plead guilty to the ccw charge in exchange for the prosecutor's dropping an assault and battery charge that arose from the same incident.

Because defendant was on probation at the time of his arrest, he also faced a violation of probation charge. On November 27, 1985, his guilty plea on this charge was accepted.

On the ccw conviction, defendant was sentenced

to forty to sixty months in prison. On the probation violation charge, defendant was sentenced to twenty-four to forty-eight months in prison.

Defendant raises several issues in this appeal. We find one issue to be dispositive and will therefore address it first. Defendant claims that since there was a showing that he may have been incompetent, the trial court was obliged sua sponte to order that a psychiatric examination of defendant take place prior to accepting his plea. As authority for this position, defendant cites MCL 330.2026; MSA 14.800(1026), which provides in part:

> Upon a showing that the defendant may be incompetent to stand trial, the court shall order the defendant to undergo an examination by personnel of either the center for forensic psychiatry or other facility officially certified by the department of mental health to perform examinations relating to the issue of incompetence to stand trial.

A defendant must be competent in order to plead guilty. *People v Kline,* 113 Mich App 733, 738; 318 NW2d 510 (1982). In *Kline* both trial counsel and the trial court had substantial evidence of defendant's questionable mental capacity prior to the plea hearing. Consequently, the *Kline* Court held that a remand was in order and the trial court was directed to commit the defendant to the Center for Forensic Psychiatry for an evaluation of competency.

Here, although trial counsel may have been aware of defendant's questionable competency to offer a knowing and voluntary plea, there is no record in the lower court file of a showing that the defendant may have been incompetent prior to the plea hearing. The first showing that defendant may have been incompetent, that is part of the

record and was seen by the two sentencing courts, was in the presentence investigation reports.

In *People v Nelson Johnson*, 58 Mich App 473; 228 NW2d 429 (1975), lv den 394 Mich 784 (1975), where defendant pled guilty, the issue of competency to plead was also raised. Similar to the issue raised here, Johnson claimed that the trial court committed error requiring reversal by failing to order sua sponte a competency hearing. Interpreting MCL 767.27a; MSA 28.966(11) (since repealed but substantially identical to that part of MCL 330.2026; MSA 14.800[1026] quoted above), the *Johnson* Court held:

> Where facts are brought to the trial court's attention which raise a "bona fide doubt" as to a defendant's capacity to stand trial, it is the trial court's duty to raise the issue of competency. *Pate, Warden v Robinson*, 383 US 375; 86 S Ct 836; 15 L Ed 2d 815 (1966); *People v Russell*, 20 Mich App 47; 173 NW2d 816 (1969). Whether a "bona fide doubt" exists, however, is a decision within the discretion of the trial court which will only be reversed for an abuse of discretion. *People v Groeneveld*, 54 Mich App 424; 221 NW2d 254 (1974). [*Johnson, supra* at 475.]

In *Johnson* there was no showing made, prior to acceptance of defendant's plea, of defendant's incompetency. On appeal one issue raised was that the presentence report contained references to defendant's mental state, in that the psychological examination report contained in the presentence report diagnosed possible schizophrenia. The *Johnson* Court found that in view of the entire report there was no abuse of discretion in the trial court's failure to raise sua sponte the issue of incompetence.

Here, the presentence report related that, two

days after the incident which led to the CCW
conviction, defendant Whyte was admitted as an
in-patient at the White Pine Psychiatric Center.
The report to the court in the CCW case stated,
under the heading "Physical and Mental Health":
defendant has a history of mental instability; de-
fendant was diagnosed as having schizophrenic
disorder, being paranoid (chronic with acute exac-
erbation, intermitent explosive disorder); defen-
dant showed signs of depression, delusion, and
hallucination; defendant was found to be mentally
disabled under the Social Security Income pro-
gram in October, 1984; and defendant had been
involved in the Bay Arenac Community Mental
Health Center since 1976. The recommendation of
the agent who authored both presentence reports
was in part that (1) defendant be placed in a long-
term residential mental health program, (2) defen-
dant continue in day care treatment at Adult
Mental Health, and (3) defendant participate in
individual mental health therapy.

With the disclosure of these reports to the trial
courts in these cases there was a showing that
defendant may have been incompetent to plead
guilty to the charges against him.

> [C]ases concerning competence to stand trial
> have stressed that the issue of incompetence can
> only be raised by evidence of incompetence. *People
> v Blocker,* 393 Mich 501, 508-510; 227 NW2d 767
> (1975), *People v Lucas,* 393 Mich 522, 527-529; 227
> NW2d 763 (1975). These cases indicate that compe-
> tence is an ongoing matter and is appropriately
> presented whenever evidence of incompetence ap-
> pears, whether "before, during or after the trial".
> *People v Blocker, supra* at 510. Where such evi-
> dence is presented, and no hearing has been held,
> appellate courts may order a new trial. *Id.* [*People
> v Matheson,* 70 Mich App 172, 180; 245 NW2d 551
> (1976).]

In *Matheson,* the Court concluded that a trial court must recognize its obligation to render a separate finding of competence where a plea is offered and the record provides "significant evidence of possible incompetence." *Id.* at 179. Here, with the inclusion of the presentence reports as part of the record, there is significant evidence of possible incompetency. Despite the fact that these reports were not part of the record until after the guilty pleas were accepted, it does not diminish the necessity to determine the issue of competency, because competency is an ongoing matter appropriately raised, "whenever evidence of incompetence appears." *Id.* at 180. Therefore, we remand to the trial courts for a determination of defendant's competency, and the trial courts are to make appropriate dispositions based on such determination.

Defendant also argues that his sentence of forty to sixty months on the ccw charge should shock the conscience of this Court. We disagree. The Sentencing Information Report recommended a minimum sentence of from zero to twelve months. The trial court articulated reasons for departure, including protection of society, deterring others, and the fact that the guidelines did not provide an appropriate sentence in this case.

Looking at the sentence alone, and the reasons articulated for departure from the guidelines, our conscience is not shocked and we find no abuse of discretion. See *People v Coles,* 417 Mich 523, 550; 339 NW2d 440 (1983).

Appellate counsel also argues that because he is unable to communicate with his client, due to his client's incompetency, a guardian ad litem should be appointed for defendant. We decline to engraft such a device on a criminal proceeding.

Defendant's appellate counsel also obtusely

raises a claim of ineffective assistance of counsel. This claim is raised for the first time on appeal, there is no evidentiary record below or *Ginther*[1] hearing to support this claim and we therefore decline to address it.

Remanded.

---

[1] *People v Ginther,* 390 Mich 436; 212 NW2d 922 (1973).