**COURT OF APPEALS**

*In re* RODRIGUEZ JAMEL HICKS, Minor.

| | |
|---|---|
| PEOPLE OF THE STATE OF MICHIGAN, | UNPUBLISHED |
| | May 5, 2016 |
| Petitioner-Appellee, | |
| v | No. 325336 |
| | Wayne Circuit Court |
| RODRIGUEZ JAMEL HICKS, | Family Division |
| | LC No. 13-515259-DL |
| Respondent-Appellant. | |

Before: JANSEN, P.J., and SERVITTO and M. J. KELLY, JJ.

PER CURIAM.

Respondent appeals as of right an order of disposition referring him to Wayne County Children & Family Services for placement and care. Respondent entered a plea of admission to assaulting, resisting, obstructing, or opposing a police officer, MCL 750.81d(1), and the trial court ordered that he be placed with Wayne County Children & Family Services in a secure facility. We affirm.

First, respondent argues that he should be permitted to withdraw his plea as the plea taking procedure was legally insufficient, his plea was not knowing or voluntary, and the factual basis for his plea was insufficient to establish the elements of the offense. We disagree.

MCR 3.941(D) states that before the court accepts a plea, "the juvenile may withdraw the plea offer by right" but "after the court accepts the plea, the court has discretion to allow the juvenile to withdraw a plea." We first note that respondent did not challenge the factual basis of his plea in the trial court and his counsel indicated satisfaction with the taking of the plea. Thus, respondent's challenge to the factual basis for his plea is waived, and any alleged error on this issue is extinguished and appellate review is foreclosed. See *In re Tiemann*, 297 Mich App 250, 265; 823 NW2d 440 (2012).

Because respondent did not move to withdraw his plea in the trial court, respondent's arguments related to the plea taking procedure and lack of understanding in his plea are unpreserved. See *People v Kaczorowski*, 190 Mich App 165, 172-173; 475 NW2d 861 (1991) (finding that "a defendant must properly preserve any issue relating to noncompliance with the court rules governing pleas, or any other claim that the plea was not understanding, voluntary, or

-1-

accurate, by moving to withdraw the plea and raising as a basis for withdrawal the claim sought to be raised on appeal."). This Court reviews unpreserved claims for plain error that affected substantial rights. *People v Carines*, 460 Mich 750, 763-764; 597 NW2d 130 (1999).

"A juvenile may offer a plea of admission or of no contest to an offense with the consent of the court." MCR 3.941(A). However, the trial court "shall not accept a plea to an offense unless the court is satisfied that the plea is accurate, voluntary, and understanding." *Id*. MCR 3.941(C)(1) establishes that in order to ensure a plea is "understanding" the court shall personally address the juvenile and tell him or her:

(a) the name of the offense charged,

(b) the possible dispositions,

(c) that if the plea is accepted, the juvenile will not have a trial of any kind, so the juvenile gives up the rights that would be present at trial, including the right:

(i) to trial by jury,

(ii) to trial by the judge if the juvenile does not want trial by jury,

(iii) to be presumed innocent until proven guilty,

(iv) to have the petitioner or prosecutor prove guilt beyond a reasonable doubt,

(v) to have witnesses against the juvenile appear at the trial,

(vi) to question the witnesses against the juvenile,

(vii) to have the court order any witnesses for the juvenile's defense to appear at the trial,

(viii) to remain silent and not have that silence used against the juvenile, and

(ix) to testify at trial, if the juvenile wants to testify. [MCR 3.941(C)(1).]

In order to ensure a plea is "voluntary" the court shall "confirm any plea agreement on the record" and "ask the juvenile if any promises have been made beyond those in a plea agreement or whether anyone has threatened the juvenile." MCR 3.941(C)(2). MCR 3.941(C)(3) requires a court to establish support for a finding that the juvenile committed the offense "either by questioning the juvenile or by other means when the plea is a plea of admission." MCR 3.941(C)(4) requires the court to "inquire of the parent, guardian, legal custodian, or guardian ad litem, if present, whether there is any reason why the court should not accept the plea tendered by the juvenile."

Here, respondent contends that the court "abdicated" its responsibility by allowing respondent's attorney to conduct much of the questioning regarding the factual basis for the plea, rendering the plea taking procedure legally insufficient. We disagree.

First, the trial court fulfilled its responsibility and ensured that the plea taking procedure complied with MCR 3.941(C). The trial court informed respondent of the charge against him, the possible dispositions, and the rights to a trial that respondent would forfeit once a plea of admission was accepted. The trial court also stated the plea agreement on the record, and asked respondent if he was "pleading freely and voluntarily" and if "anyone forced [respondent], in any way, to accept the plea." The trial court also asked respondent's mother if there was any reason the court should not accept respondent's plea. Second, while respondent argues that the trial court "abdicated its responsibility" by permitting his attorney to conduct the questioning related to the factual basis for the plea, there is no requirement that the court personally conduct the questioning to establish the factual basis. In fact, the court rules implicitly permit respondent's attorney to conduct the questioning. See MCR 3.941(C)(3)(a court can establish a factual basis for a plea "either by questioning the juvenile or by other means when the plea is a plea of admission."). Consequently, respondent has failed to establish a plain error in this regard.

Respondent next argues that he was not competent to tender a plea, and thus, he should be permitted to withdraw it. Respondent also argues that the court erred by failing to sua sponte order a competency evaluation before accepting his plea. We disagree.

A criminal defendant must be competent to tender a plea. *People v Whyte*, 165 Mich App 409, 411; 418 NW2d 484 (1988).[1] "[A] defendant is presumed competent to stand trial unless his mental condition prevents him from understanding the nature and object of the proceedings against him or the court determines he is unable to assist in his defense." *People v Mette*, 243 Mich App 318, 331; 621 NW2d 713 (2000); see also MCL 330.2020. "The conviction of an individual when legally incompetent violates due process of law." *In re Carey*, 241 Mich App 222, 227; 615 NW2d 742 (2000).

The Mental Health Code contains procedural provisions dealing with competency determinations in criminal cases. *In re Carey*, 241 Mich App at 232, citing MCL 330.2020(1). "Michigan has no statutory procedures expressly dealing with competency proceedings for juveniles." *In re Blackshear*, 262 Mich App 101, 108; 686 NW2d 280 (2004). Rather, the Mental Health Code provisions applicable to criminal defendants regarding competency are to be used as a guide to trial courts in making competency determinations in juvenile cases. *In re Carey*, 241 Mich App at 233-234. The Code states that upon a showing that the defendant may be incompetent, the court must order the defendant to undergo a competency examination. MCL 330.2026. The facility performing the examination must then submit a report to the court containing its findings and opinion regarding competency, MCL 330.2028(2), and the court must then conduct a hearing where it determines the defendant's competence, MCL 330.2030.

"[T]he Due Process Clause requires that a court sua sponte hold a hearing regarding competency when any evidence raises a bona fide doubt about the competency of the [juvenile]." *In re Carey*, 241 Mich App at 227-228, citing *People v Ray*, 431 Mich 260, 270, n 5; 430 NW2d

---

[1] Although cases decided before November 1, 1990, are not binding precedent, MCR 7.215(J)(1), they nevertheless can be considered persuasive authority. *People v Doxey*, 263 Mich App 115, 120; 687 NW2d 360 (2004).

-3-

626 (1988). "[T]he test for such a bona fide doubt is whether a reasonable judge, situated as was the trial court judge whose failure to conduct an evidentiary hearing is being reviewed, should have experienced doubt with respect to competency to stand trial." *People v Kammeraad*, 307 Mich App 98, 138-139; 858 NW2d 490 (2014) (citation and internal quotation marks omitted; alterations by the *Kammeraad* Court). In determining the competency of a juvenile to stand trial, "competency evaluations should be made in light of juvenile, rather than adult, norms" and "[a] juvenile need not be found incompetent just because, under adult standards, the juvenile would be found incompetent to stand trial in a criminal proceeding." *In re Carey*, 241 Mich App at 234.

The evidence respondent relies on to demonstrate his incompetence and to show that the court should have sua sponte ordered a competency evaluation, is a psychological evaluation conducted by the Juvenile Assessment Center for Wayne County, which concluded that respondent had an extremely low IQ score. However, respondent has failed to establish that there is any evidence that his low IQ impaired his ability to understand the proceedings or participate in his defense. For example, there was no offer of proof that there would be expert testimony that respondent was incompetent at the time of trial. Nor was there any other documentation (mental health records, jail records, affidavits) that would establish "a bona fide doubt regarding defendant's competency to stand trial."

Additionally, at no point during any of the proceedings did respondent assert any lack of comprehension. He generally answered questions in an appropriate manner and his statements to the court showed a sufficient level of comprehension. While respondent was found to have a low IQ with some developmental delay, those circumstances, standing alone, did not indicate that his mental condition was such that he was unable to understand the nature and object of the proceedings against him. See *People v Cheatham*, 453 Mich 1, 36; 551 NW2d 355 (1996) (finding that "[l]ow mental ability in and of itself is insufficient to establish that a defendant did not understand his rights."). Consequently, a reasonable judge, situated in the trial court's position here, could logically have concluded that respondent understood the nature and object of the proceedings against him and could assist in his defense in a rational manner. Thus, respondent has not demonstrated that he was incompetent to tender a plea or that the trial court erred when it failed to sua sponte order a competency evaluation.

Respondent next argues that his plea was not understanding or voluntary because he was detained for an extended period of time prior to tendering the plea. Respondent argues that because he had been detained past the time permitted in the court rule it "created a clear sense of urgency on resolving the case from [respondent's] point of view [and] if [respondent] had asked for a trial on the newly filed petition there was no reason for him to believe that he would have been afforded a trial in an expeditious fashion given the history of his involvement with the court." However, "detention itself has never been recognized as so inherently coercive that it will render a guilty plea invalid." *People v Thew*, 201 Mich App 78, 84; 506 NW2d 547 (1993). Moreover, respondent's potential feelings of pressure to accept the plea in order to be released from the Juvenile Detention Facility have no bearing on whether he understood the proceedings against him or could aid in his defense. This argument, thus, does not serve as a basis to find that respondent's plea was not "understanding," or that plain error occurred.

-4-

Next, respondent argues that his counsel was ineffective, citing several reasons. We disagree.

To preserve a claim of ineffective assistance of counsel, a respondent must make a motion for a new trial or request an evidentiary hearing with the trial court. *People v Heft*, 299 Mich App 69, 80; 829 NW2d 266 (2012). Respondent never moved for a new trial or a *Ginther*[2] hearing in the trial court. Respondent did file a timely motion to remand for a *Ginther* hearing with this Court concerning his counsel's ineffectiveness, which was denied.[3] Therefore, this issue is unpreserved.

"Whether a person has been denied effective assistance of counsel is a mixed question of fact and constitutional law." *People v LeBlanc*, 465 Mich 575, 579; 640 NW2d 246 (2002). Generally, the trial court's findings of fact are reviewed for clear error and the questions of constitutional law are reviewed de novo. *Id*. Unpreserved claims of ineffective assistance of counsel can still be reviewed, but review is limited to errors apparent in the record below. *People v Matuszak*, 263 Mich App 42, 48; 687 NW2d 342 (2004).

The United States and Michigan Constitutions guarantee a defendant the right to effective assistance of counsel. US Const, Am VI; Const 1963, art 1, § 20. To establish ineffective assistance of counsel, a defendant must show: (1) that counsel's performance was below an objective standard of reasonableness under prevailing professional norms, and (2) that there is a reasonable probability that, but for counsel's deficient performance, the result of the proceedings would have been different. *Strickland v Washington*, 466 US 668, 694; 104 S Ct 2052; 80 L Ed 2d 674 (1984); *People v Trakhtenberg*, 493 Mich 38, 51; 826 NW2d 136 (2012). A "reasonable probability" is a probability sufficient to undermine confidence in the outcome. *Strickland*, 466 US at 694.

Effective assistance of counsel is presumed, and the defendant bears a substantial burden of proving otherwise. *People v Vaughn*, 491 Mich 642, 670; 821 NW2d 288 (2012). A defendant can overcome the presumption by showing that counsel failed to perform an essential duty and that failure was prejudicial to the defendant. *People v Reinhardt*, 167 Mich App 584, 591; 423 NW2d 275 (1988), remanded on other grounds 436 Mich 866 (1990). Counsel's strategic judgments are afforded deference, *Wiggins v Smith*, 539 US 510, 521-522, 528; 123 S Ct 2527; 156 L Ed 2d 471 (2003), but strategic choices made after an incomplete investigation are reasonable only to the extent that reasonable professional judgments support the limitation on investigation. *Wiggins*, 539 US at 521-522; *Trakhtenberg*, 493 Mich at 52-55.

Counsel will not be deemed ineffective for failing to pursue a meritless or futile position as "the Sixth Amendment does not require that counsel do what is impossible or unethical." *United States v Cronic*, 466 US 648, 656, n 19; 104 S Ct 2039; 80 L Ed 2d 657 (1984). Trial

---

[2] See *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

[3] *In re Rodriguez Jamel Hicks*, unpublished order of the Court of Appeals, entered May 27, 2015 (Docket No. 325336).

counsel is not ineffective when failing to make objections that are lacking in merit. *Matuszak*, 263 Mich App at 58, citing *People v Hawkins*, 245 Mich App 439, 457; 628 NW2d 105 (2001).

Respondent's first allegation of ineffectiveness is that trial counsel failed to investigate and pursue a challenge to his competency. Challenges to competency can "be raised by the defense, court, or prosecution," MCL 300.2024, and can "be raised at any time during the proceedings against the defendant," MCR 6.125(B). However, in order to raise a competency issue there must be evidence of incompetence. *People v Blocker*, 393 Mich 501, 508; 227 NW2d 767 (1975).

While respondent asserts that his competency should have been investigated by his attorney, he directs us to nothing in the record that would lead his attorney to make further investigations. Counsel had the benefit of the psychological evaluation conducted by the Juvenile Assessment Center for Wayne County but, aside from concluding that respondent had a low IQ, it did not raise any red flags with respect to respondent's competency. Respondent's limited intelligence and cognitive delays have limited bearing on whether he was incompetent to stand trial, and respondent did not assert any irregularity with the report that required his counsel to seek additional medical testimony. Respondent has not identified any evidence showing that other facts were brought to his counsel's attention that raised any uncertainty with respect to his competence and that his counsel ignored or otherwise failed to act upon these facts. Thus, as discussed above, there is no evidence on the record that respondent was unable to understand the nature and object of the proceedings against him. In fact, the record indicates the opposite.

First, respondent had previously entered a plea of admission to a separate charge with no challenge to his competency. Second, respondent's testimony showed that he was aware of the factual circumstances surrounding the resisting incident and that he repeatedly told the judge that he understood the rights explained to him. Finally, respondent's mother did not express any concern regarding respondent's competency. Without some indication of incompetence on the record, there was nothing that would have supported a request for a competency hearing. Because the record did not raise a bona fide doubt about respondent's competency, and because counsel is not required to argue meritless positions, *People v Ericksen*, 288 Mich App 192, 201; 793 NW2d 120 (2010), counsel's failure to investigate and pursue a challenge to respondent's competency did not fall below an objective standard of reasonableness. *Strickland*, 466 US at 688.

Next, respondent argues that his trial counsel was ineffective for failing to assert his right to a speedy trial. We disagree.

MCR 3.942(A) states, in relevant part, that "[i]f the juvenile is detained, the trial has not started within 63 days after the juvenile is taken into custody, and the delay in starting the trial is not attributable to the defense, the court shall forthwith order the juvenile released pending trial . . . ." In this matter, respondent was detained on June 6, 2014, when a previous petition was filed against him. Respondent remained in detention until he pleaded in the current matter on October 27, 2014, well beyond the 63-day mark. However, on August 28, 2014, before 63 days had elapsed, the court entered an order, on the motion of respondent's attorney, providing that the Michigan State Police fingerprint the guns recovered during the incident which led to the previous petition. As a result of that order, several pretrial and trial dates were adjourned

pending the results of the fingerprint analysis. Moreover, at the hearing on September 15, 2014, petitioner informed the trial court that it was ready to proceed and the trial court told respondent's counsel that the delay had been long enough and that it was "not going to stall this case out until we get fingerprints back." Respondent's extended detention was attributable to he and his counsel's request for fingerprint testing and there was, therefore, no violation of MCR 3.942(A), nor was there a speedy trial violation. As a result, counsel was not required to argue this meritless position. *Ericksen*, 288 Mich App at 201.

Lastly, respondent argues that his trial counsel was ineffective for failing to raise the trial court's impartiality. We disagree.

Disqualification of judges is governed by MCR 2.003, which provides that a judge is disqualified when the judge cannot impartially hear a case, including but not limited to instances in which the judge is personally biased or prejudiced for or against a party or attorney or the judge has personal knowledge of disputed evidentiary facts concerning the proceeding. MCR 2.003(C)(1)(a), (c). In general, actual bias or prejudice is required to disqualify a trial judge, and the moving party must overcome a heavy presumption of judicial impartiality. *Cain v Department of Corrections*, 451 Mich 470, 494-497, 503; 548 NW2d 210 (1996); *Armstrong v Ypsilanti Township*, 248 Mich App 573, 597-598; 640 NW2d 321 (2001). A showing of actual bias or prejudice, however, is not required where the appearance of impropriety is sufficiently strong to violate due process. *Cain*, 451 Mich at 512 n 48; *Armstrong*, 248 Mich App at 599.

Respondent argues that his counsel should have raised the issue of the trial judge's impartiality because the complainant in the case at issue was the court deputy assigned to the courtroom of his presiding judge. However, respondent does not actually argue that the trial judge was in fact biased against him. Thus, he fails to show any actual bias or prejudice stemming from the judge's relationship to the court deputy or possible exposure to any disputed facts concerning the proceeding. Moreover, respondent provides no basis on which to conclude that trial counsel would have been successful if counsel had moved to disqualify the trial judge, and because respondent pleaded to the allegations in the petition, nothing in the trial court's ultimate decision to place him with Wayne County Children & Family Services suggests that the trial court was biased or prejudiced against respondent. Because a trial judge is presumed to be impartial absent a showing otherwise, *Cain*, 451 Mich at 495-497, there is no basis for this Court to find that trial counsel's performance fell below an objective standard of reasonableness by failing to move to disqualify the judge. Because counsel cannot be faulted for failing to raise a meritless challenge in the trial court, *Ericksen*, 288 Mich App at 201, counsel's performance did not amount to ineffective assistance.

Affirmed.


/s/ Kathleen Jansen
/s/ Deborah A. Servitto
/s/ Michael J. Kelly