*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

JEROME JAMAL DUCKWYLER,

Defendant-Appellant.

UNPUBLISHED
September 29, 2022

No. 358566
Wayne Circuit Court
LC No. 19-003064-01-FC

Before: RONAYNE KRAUSE, P.J., and JANSEN and SWARTZLE, JJ.

PER CURIAM.

Defendant appeals by leave granted[1] his plea-based convictions of second-degree murder, MCL 750.317, and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. Defendant was sentenced, under a plea agreement, to 33 to 60 years' imprisonment for second-degree murder and two years' imprisonment for felony-firearm. On appeal, defendant argues that this Court should vacate his guilty plea and sentences because (1) the trial court improperly denied his motion to withdraw the guilty plea when it made no finding on his competency at the plea hearing, (2) his trial counsel was constitutionally ineffective, and (3) his plea was not knowing, voluntary, or accurate. We affirm.

## I. BACKGROUND

Defendant was charged on March 31, 2018, with one count of first-degree murder, MCL 750.316, and one count of felony-firearm. He was referred to the Forensic Center for a competency evaluation in April 2018, and initially found incompetent. He was given treatment to restore his competency, and at a competency hearing held in April 2019, defendant was found competent by the district court, and he demanded a preliminary examination. At the preliminary examination, defense counsel objected to the competency finding, but the trial court stated that based on the parties' previous stipulation to the most recent report finding defendant competent, it would go

---

[1] See *People v Duckwyler*, unpublished order of the Court of Appeals, entered December 1, 2021 (Docket No. 358566).

forward with the preliminary examination that day. Defendant was bound over for further proceedings in the circuit court, and the court granted his request for an independent evaluation. Defendant was referred to the Forensic Center for an updated competency evaluation in December 2019, and based on the report, the trial court found defendant competent without objection by the defense on February 19, 2020.

At a subsequent pretrial hearing, defense counsel stated that, through negotiations with the prosecution, they had agreed that defendant would plead guilty to second-degree murder with a sentence of 33 to 60 years' imprisonment and to felony-firearm with a sentence of two years' imprisonment. However, the prosecution was unwilling to accept a no-contest plea because defendant apparently could not recall the events at issue to make a factual basis . The trial court ultimately offered the parties additional time to resolve this issue and set a date for the next proceeding. At a final pretrial hearing, defense counsel stated that defendant was now willing to plead guilty and prepared to make the necessary factual basis for doing so.

At defendant's plea hearing, the court asked whether either counsel wanted to establish a factual basis for defendant's plea, which elicited the following exchange between defendant and defense counsel:

> *Q.* [Defendant], at [the time and location of the relevant events], were you . . . in possession of a firearm?
>
> *A.* Yes.
>
> *Q.* And did you take—did you use that firearm with the intent to murder someone?
>
> *A.* Yes.
>
> * * *
>
> *Q.* Would [Michelle Briscoe (the victim)] be the person that you shot with the firearm at that location?
>
> *A.* Yes.

The prosecution then followed up by asking defendant, "did Michelle Briscoe die as a result of you shooting her with that firearm?" to which he responded, "Yes." The trial court concluded that there was a factual basis to support defendant's plea, and that the plea was "understanding," "voluntar[y]," and "accurate." Defendant was sentenced according to the plea agreement, and the prosecution dismissed the first-degree murder charge.

Following sentencing, and with new representation, defendant moved to withdraw his guilty plea under MCR 6.310(C), arguing that his plea was not voluntarily or intelligently given because, despite him previously being found competent to stand trial, there was never any finding that he was criminally responsible or competent at the time of the plea. Defendant also argued that his simple, affirmative responses to leading questions at the plea hearing were insufficient to establish the required factual basis for his plea, especially considering he had already stated that

he had no memory of the pertinent events. Additionally, defendant claimed that his prior trial counsel was constitutionally ineffective for not pursuing a plea of guilty but mentally ill regarding the second-degree murder charge and allowing defendant to simply plead guilty. For these reasons, defendant requested that the trial court set aside his guilty plea and resulting sentences.

After a hearing on this issue, the trial court issued an opinion and order denying defendant's motion. The court concluded that the record lacked evidence that defendant was incompetent when he pleaded guilty. Specifically, it noted that defendant coherently responded to questioning regarding the plea and never displayed any erratic or inappropriate behavior, and that his counsel never raised any concerns regarding competency at the plea hearing. The court stated further that defendant's affidavit (attached to his motion to withdraw the plea) merely demonstrated "a certain 'buyer's remorse,' " and was insufficient to contradict his statements under oath at the plea hearing confirming that he understood the plea agreement's terms, had ample opportunity to consult with counsel, and had no further questions for counsel. The court did not specifically address defendant's claim that his simple answers to leading questions provided an insufficient basis on which to accept the plea, but it did state that the record clearly reflected that defendant made his plea knowingly, intelligently, and voluntarily.

The trial court also concluded that defendant's prior counsel was not ineffective, reasoning that defendant failed to show that the result of the proceedings would have been different had he pleaded guilty but mentally ill (i.e., he failed to show prejudice). It also stated that, in any event, defendant's counsel was effective regarding the plea because the prosecution never even offered to accept a guilty-but-mentally-ill plea. This appeal followed.

## II. STANDARDS OF REVIEW

"When a motion to withdraw a guilty plea is made after sentencing, the decision whether to grant it rests within the sound discretion of the trial court," and it "will not be disturbed on appeal unless there is a clear abuse of discretion resulting in a miscarriage of justice." *People v Effinger*, 212 Mich App 67, 69; 536 NW2d 809 (1995); see also *People v Coleman*, 327 Mich App 430, 443; 937 NW2d 372 (2019). The determination of a defendant's competence is also within the trial court's discretion, and will only be reversed when there is an abuse of that discretion. *People v Kammeraad*, 307 Mich App 98, 138; 858 NW2d 490 (2014). An abuse of discretion occurs "when the trial court's decision is outside the range of reasonable and principled outcomes." *Id*. at 140 (quotation marks and citation omitted).

Whether a defendant was denied the effective assistance of counsel presents a mixed question of fact and constitutional law. *People v Heft*, 299 Mich App 69, 80; 829 NW2d 266 (2012). Findings of fact are reviewed for clear error, and questions of law are reviewed de novo. *Id*. However, because no *Ginther*[2] hearing was conducted in the trial court, our review is limited to errors apparent from the record. *People v Abcumby-Blair*, 335 Mich App 210, 227: 966 NW2d 437 (2020).

---

[2] See *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

III. ANALYSIS

Defendant first argues that this Court should vacate his guilty plea and sentences because the trial court improperly denied his motion to withdraw the guilty plea when it made no explicit finding on his competency at the initial plea proceeding. We disagree.

Following sentencing, a guilty plea may only be withdrawn if "there was an error in the plea proceeding that would entitle the defendant to have the plea set aside." MCR 6.310(C)(3). Stated differently, the defendant must show some "defect in the plea-taking process." *People v Brown*, 492 Mich 684, 693; 822 NW2d 208 (2012).

An incompetent defendant "shall not be proceeded against while he is incompetent." MCL 330.2022(1). "[A] defendant is presumed competent to stand trial unless his mental condition prevents him from understanding the nature and object of the proceedings against him or the court determines he is unable to assist in his defense." *People v Mette*, 243 Mich App 318, 331; 621 NW2d 713 (2000), citing MCL 330.2020. Moreover, "[a] defendant must be competent in order to plead guilty." *People v Whyte*, 165 Mich App 409, 411; 418 NW2d 484 (1988).[3] Competency to plead guilty is evaluated under the same standard as competency to stand trial. *People v Matheson*, 70 Mich App 172, 180; 245 NW2d 551 (1976). Either the court or any party may raise the issue of a defendant's competence. MCL 330.2024. And as stated, the determination of a defendant's competence is within the lower court's discretion. *Kammeraad*, 307 Mich App at 138.

However, a trial court has an independent duty to raise the issue of competency and order an evaluation when "facts are brought to its attention which raise a 'bone fide doubt' as to the defendant's competence." *Id*. (quotation marks and citation omitted).

> [T]he test for such a bona fide doubt is whether a reasonable judge, situated as was the trial court judge whose failure to conduct an evidentiary hearing is being reviewed, should have experienced doubt with respect to competency to stand trial. Evidence of a defendant's irrational behavior, a defendant's demeanor, and a defendant's prior medical record relative to competence are all relevant in determining whether further inquiry in regard to competency is required. There are, of course, no fixed or immutable signs which invariably indicate the need for further inquiry to determine fitness to proceed; the question is often a difficult one in which a wide range of manifestations and subtle nuances are implicated. [*Id*. at 138-139 (quotation marks and citations omitted; alteration in original).]

Relatedly, because competency is an ongoing matter, "a trial court must recognize its obligation to render a separate finding of competence where a plea is offered and the record provides

---

[3] "Although cases decided before November 1, 1990, are not binding precedent, MCR 7.215(J)(1), they nevertheless can be considered persuasive authority." *In re Stillwell Trust*, 299 Mich App 289, 299 n 1; 829 NW2d 353 (2012) (citation omitted).

significant evidence of possible incompetence." *Whyte*, 165 Mich App at 414, citing *Matheson*, 70 Mich App at 179 (quotation marks omitted).[4]

Defendant claims that his guilty plea and resultant sentences should be vacated because the trial court never explicitly reevaluated his competency at the plea hearing, which he argues was lacking. He first asserts that when a defendant is taking psychotropic medication, as he was here, the court must take additional steps to ensure competency before allowing a guilty plea, which it allegedly failed to do. For support, defendant cites *Miles v Stainer*, 108 F3d 1109, 1112-1113 (CA 9, 1997) (granting the defendant habeas corpus relief for the trial court's failure to ensure that the defendant was taking his medications before accepting the guilty plea when the record contained explicit warnings that the defendant's competency "depended on medications which he often refused to take").[5]

Defendant argues further that there existed sufficient evidence of possible incompetence on the record that the trial court was required to explicitly reevaluate his competence at the plea hearing before accepting the guilty plea. He specifically notes repeated references in the record to his history of mental disorders and the court's notice that he was taking psychotropic medications. Defendant likens his case to *Matheson*, where the defendant had previously been found competent (similar to the instant case), but the Court nevertheless vacated his plea, in part, because its own review of the record revealed significant indications of incompetence during the plea proceedings. See *Matheson*, 70 Mich App at 184. Defendant also relies on *Whyte*, where this Court remanded to determine the competency of a defendant who earlier pleaded guilty because his presentence investigation report revealed he was admitted to an in-patient psychiatric facility just two days after the incident leading to his conviction and had a long history of mental illness, including schizophrenia, paranoia, depression, delusion, and hallucination. See *Whyte*, 165 Mich App at 412-414.

While acknowledging the court's earlier finding that he was competent to stand trial, defendant claims this result was not dispositive given the ongoing nature of the issue and his alleged evidence of incompetency. Accordingly, defendant argues that "the totality of circumstances indicate[s] that [he] was not competent to plead guilty and his guilty plea was not knowingly made." Defendant also provides a single sentence in his argument on the competency issue stating, "Also, a review of [the August 31, 2020 pretrial hearing transcript] reveals that

---

[4] *Whyte* and *Matheson*, while relied on by defendant, are not precedentially binding on this Court. See MCR 7.215(J)(1) ("A panel of the Court of Appeals must follow the rule of law established by a prior published decision of the Court of Appeals issued on or after November 1, 1990, that has not been reversed or modified by the Supreme Court, or by a special panel of the Court of Appeals as provided in this rule."). But while the rules cited in the main text from these cases do not appear to ever have been reaffirmed in any post-November 1, 1990 published decisions, they were cited approvingly in at least one unpublished case in 2009. See *People v Bell*, unpublished per curiam opinion of the Court of Appeals, issued March 19, 2009 (Docket No. 282545), p 3.

[5] We note that this is a Ninth Circuit decision and is thus not binding on this Court. See *Abela v Gen Motors Corp*, 469 Mich 603, 607; 677 NW2d 325 (2004) ("Although lower federal court decisions may be persuasive, they are not binding on state courts.").

[defendant] could not recall the events, belying any claim of voluntariness." We construe this brief comment on defendant's lack of memory, given its inclusion under this issue, as further demonstrating—according to defendant—his lack of competency at the plea hearing.

We conclude that the trial court did not abuse its discretion by failing to explicitly reevaluate defendant's competency at the plea hearing and later denying defendant's motion to withdraw the plea. Based on the record, the court's determination that defendant was capable of understanding the nature of the charges brought against him and capable of rationally assisting in his defense was not outside the range of reasonable and principled outcomes.

As an initial matter, the three cases on which defendant primarily relies are merely persuasive, as one is a federal circuit case from another jurisdiction and two are cases from this Court decided before November 1990. Nevertheless, these cases are distinguishable from the instant facts. First, *Stainer*, while vacating the defendant's plea because the trial court failed to confirm whether he was taking certain medications, only did so because the record contained "warnings that [the defendant's] competence depended on medication which he often refused to take." *Stainer*, 108 F3d at 1112. But here, there are no facts showing that defendant's medication had any particular impact on his competency, so this fact alone did not warrant any additional inquiry into the issue. Regarding *Matheson*, the defendant there, unlike defendant in the instant case, "appeared confused and had to be continually prompted and led by the judge and by his attorney." *Matheson*, 70 Mich App at 184. And in *Whyte*, the defendant was never explicitly determined to be competent to plead when, following the guilty plea, *new* facts were revealed showing significant evidence of possible incompetence. *Whyte*, 165 Mich App at 412-414.

Here, in contrast to *Matheson*, and as the trial court recognized at defendant's motion hearing, he was responsive during the plea proceedings and never exhibited any erratic behavior or confusion to indicate incompetence. Notably, defendant took initiative to independently clarify the court's meaning during their colloquy on his appellate rights, further demonstrating his competence at that time. Furthermore, unlike the new information revealed in *Whyte*, defendant's alleged significant evidence of possible incompetence are facts that were all previously considered when defendant underwent his latest competency evaluation and was then found competent to stand trial. Nor did defendant's trial counsel ever raise competence as an issue at the plea hearing. Moreover, this Court should generally defer to the trial court's superior ability to consider defendant's conduct. Under these circumstances, it was within the trial court's discretion to proceed with the plea hearing without explicitly reevaluating defendant's competency. We agree with the prosecution that defendant cannot now refute (via the later-filed affidavit) his sworn testimony provided at the plea hearing, which clearly showed defendant's apparent recollection of and involvement in the relevant events. See *People v White*, 307 Mich App 425, 430; 862 NW2d 1 (2014) (when a plea is entered according to the relevant court rules, a trial court cannot consider testimony or affidavits inconsistent with statements made during the plea hearing).

In sum, the trial court did not abuse its discretion by implicitly finding defendant competent to plead guilty because (1) it explicitly found him competent to stand trial during the earlier February 2020 pretrial hearing; (2) defendant appeared responsive, understanding, and engaged at the plea hearing, showing no outward signs of incompetence; and (3) defendant's alleged significant evidence of potential incompetence were facts known to the trial court at the February

2020 hearing. Therefore, the trial court did not abuse its discretion by denying defendant's motion to withdraw the guilty plea, at least concerning the issue of competency.

Next, defendant argues that this Court should vacate his guilty plea and sentences because his trial counsel was constitutionally ineffective. We disagree.

To show ineffective assistance of counsel, a defendant must prove (1) that counsel's performance was deficient and (2) that the deficiency prejudiced the defendant. *People v Randolph*, 502 Mich 1, 9; 917 NW2d 249 (2018). Defendant must also overcome a presumption that any challenged action could be considered sound trial strategy. *People v Hoag*, 460 Mich 1, 6; 594 NW2d 57 (1999). In reviewing a claim of ineffective assistance of counsel related to a guilty plea, this Court focuses on whether the plea was made voluntarily and understandably. *People v Haynes*, 221 Mich App 551, 558; 562 NW2d 241 (1997). This depends not on whether counsel's advice was right or wrong, but on whether the advice was "within the range of competence demanded of attorneys in criminal cases." *Id*. Finally, defendant bears the burden of establishing the factual basis of his ineffective assistance claims. *People v Douglas*, 496 Mich 557, 592; 852 NW2d 587 (2014).

Defendant argues that his trial counsel was ineffective for "pleading [him] guilty"[6] rather than guilty but mentally ill. According to defendant, his trial counsel "could have entered [this type of] plea," which would have assured him mental health treatment, whereas his guilty plea did not. Defendant specifically claims that, given trial counsel's notice of his mental condition, there was no sound strategy for the failure to "tender" a plea of guilty but mentally ill. And defendant argues that the prejudice prong is satisfied because a plea of guilty but mentally ill would have impacted his sentencing by requiring further mental health evaluation and treatment. But with his guilty plea, defendant asserts that he will likely receive no treatment, with a longer sentence and him "emerg[ing from prison] no better than . . . when he entered."

We conclude that defendant's ineffective assistance claim is barred by our Supreme Court's decision in *People v Lloyd*, 459 Mich 433; 590 NW2d 738 (1999). In *Lloyd*, *id*. at 451, which involved a jury trial as opposed to a guilty plea, the Court stated that "a person found guilty . . . but mentally ill[] still must serve [the same sentence]." Accordingly, the Court concluded that "failure [of counsel] to obtain [a verdict of guilty but mentally ill] would scarcely constitute prejudice to the defendant." *Id*. While a plea of guilty but mentally ill would, as the parties acknowledge, grant defendant some additional rights regarding mental health treatment, it would not have actually impacted defendant's sentence. Thus, even if trial counsel's failure to pursue such a plea was deficient performance, it was not prejudicial, and, therefore, his ineffective assistance claim fails.

---

[6] Though this is how defendant's argument is phrased, a more accurate description of this question is whether defendant's trial counsel was ineffective for *advising* him to plead guilty, considering defendant himself consistently reaffirmed his desire to plead guilty at the plea hearing after stating he had sufficiently consulted with trial counsel on the matter.

Regardless, defendant cannot show that a plea of guilty but mentally ill was even available to him. According to MCL 768.36(2), a plea of guilty but mentally ill is available under the following circumstances:

> *If the defendant asserts a defense of insanity* in compliance with section 20a of this chapter and the defendant waives his or her right to trial, by jury or by judge, the trial judge, *with the approval of the prosecuting attorney*, may accept a plea of guilty but mentally ill in lieu of a plea of guilty or a plea of nolo contendere. The judge shall not accept a plea of guilty but mentally ill until, with the defendant's consent, the judge has examined the report or reports prepared in compliance with section 20a of this chapter, the judge has held a hearing on the issue of the defendant's mental illness at which either party may present evidence, and the judge is satisfied that the defendant has proven by a preponderance of the evidence that the defendant was mentally ill at the time of the offense to which the plea is entered. The reports shall be made a part of the record of the case. [Emphasis added.]

Critically, defendant never asserted any insanity defense below, nor does he assert this as an issue on appeal. Furthermore, defendant presents no evidence that a guilty-but-mentally-ill plea was ever considered by or amenable to the prosecution. Because such facts are necessary for a defendant to plead guilty but mentally ill, but absent from this case, defendant's claim of prejudice cannot prevail.

Lastly, defendant argues that this Court should vacate his guilty plea and sentences because his plea was not knowing, voluntary, or accurate.[7] We disagree.

As stated earlier, following sentencing, a guilty plea may only be withdrawn if the defendant can show some "defect in the plea-taking process." *Brown*, 492 Mich at 693. MCR 6.302 provides the particular guidelines under which a court may accept a guilty plea. MCR 6.302(A) provides that "[t]he court may not accept a plea of guilty . . . unless it is convinced that the plea is understanding, voluntary, and accurate." Accordingly, the defendant must "be informed of the consequences of his or her plea and, necessarily, the resultant sentence." *Brown*, 492 Mich at 693. To ensure compliance with these requirements, the trial court, before accepting a guilty plea, "must place the defendant or defendants under oath and personally carry out subrules (B)-(E)." MCR 6.302(A).

---

[7] While defendant's issue presented states that his guilty plea was "not knowing" and "involuntary," and that the trial court did not meet the "requirements regarding an accurate plea," his actual argument only substantively addresses the plea's accuracy—specifically, the trial court's alleged failure to sufficiently establish a factual basis for accepting the plea. Furthermore, though defendant's issue presented also notes his apparent lack of recollection of the relevant events as relevant to the accuracy (or lack thereof) of defendant's plea, there is little mention of this fact in the main text of the issue. And defendant provides no actual argument as to why this is relevant to the accuracy of his plea as determined at the plea hearing. In any event, as discussed earlier, defendant may not now refute his sworn statements from the plea hearing indicating he did have sufficient memory of the events. See *White*, 307 Mich App at 430.

Defendant claims that his guilty plea should be withdrawn, specifically, because the trial court failed to question him to establish the necessary factual basis for the plea under MCR 6.302(D)(1). According to defendant, the language therein specifically contemplates that such questioning be done *by the court*, which did not occur here. Defendant further criticizes the questioning that did occur (from his trial counsel and the trial prosecutor) to purportedly establish a factual basis for his plea because it consisted entirely of simple, affirmative responses to leading questions, with absolutely no factual detail provided by defendant himself. Defendant relies on *People v Barrows*, 358 Mich 267; 99 NW2d 347 (1959), superseded by rule as stated in *People v Jackson*, 465 Mich 390; 633 NW2d 825 (2001), and *People v Atcher*, 57 Mich App 148; 226 NW2d 77 (1974), as requiring such direct questioning of, and detailed factual elicitation from, a defendant. Defendant also cites *In re Guilty Plea Cases*, 395 Mich 96; 235 NW2d 132 (1975), as further supporting a requirement for the trial court to conduct a detailed questioning of the defendant when establishing a guilty plea's factual basis.

MCR 6.302(D)(1) provides, "If the defendant pleads guilty, the court, by questioning the defendant, must establish support for a finding that the defendant is guilty of the offense charged or the offense to which the defendant is pleading." In *Barrows*, the Michigan Supreme Court held that "direct questioning of a defendant by the trial judge on plea of guilty is required by the [predecessor to MCR 6.302] *for the purpose of establishing the crime and the participation therein of the person pleading guilty*," i.e., for the purpose of establishing a factual basis for the plea. *Barrows*, 358 Mich at 272 (emphasis added). Therefore, despite the prosecution's argument otherwise, this case does appear to require direct questioning by the trial court in establishing a guilty plea's factual basis, not just when accepting a plea generally. But the Court later retreated from such a definite requirement of direct questioning in *People v Carlisle*, 387 Mich 269; 195 NW2d 851 (1972):

> We reaffirm our holding in *Barrows*. No plea of guilty should be accepted by a trial judge until facts sufficient to establish the defendant's guilt *have been set out in the record*. *Preferably*, these facts *should* be brought forth through a direct examination of the accused by the trial judge at the time the plea of guilty is accepted. [*Id*. at 273 (emphasis added).]

And the Court elaborated on the flexibility of this determination in *People v Kuchulan*, 390 Mich 701; 213 NW2d 95 (1973). While not the main issue in that case, the Court concluded that the failure to establish via direct questioning the existence of a crime and the defendant's participation therein did not warrant vacating his guilty plea. *Id*. at 705-706. In particular, the Court concluded that previously-presented evidence allowed the trial court "to make a 'reasonable ascertainment of the truth of the plea' " without any direct questioning of the defendant. *Id*. at 706, quoting *Barrows*, 358 Mich at 272. See also *People v Armstrong*, 390 Mich 693, 698-699; 213 NW2d 190 (1973), quoting *Barrows*, 358 Mich at 272 ("We are of the opinion that where the judge has heard testimony at trial implicating the defendant[, the judge] is in a position to make a 'reasonable ascertainment of the truth of the plea' "); but see *People v Schneff*, 392 Mich 15, 24-26; 219 NW2d 47 (1974) (stating that the "preference" for direct questioning of a defendant from *Carlisle* has, effectively, "been a requirement in most situations," and holding that a trial court must "derive the factual basis for a guilty plea directly from [the] defendant or through testimony developed at a full adversarial trial").

Then, in 1975, the Court decided *Guilty Plea Cases*, 395 Mich 96. This decision, however, was specific to no-contest, not guilty, pleas. See *id*. at 132-134. And though this case did comment on procedures relating to guilty pleas, it does not support defendant's contention that direct questioning from the trial court was required for establishment of the plea's factual basis. See *id*. at 134 n 3 ("Direct questioning is not an absolute. . . . [W]here the judge makes a conscientious effort to establish a factual basis for a plea of guilty by direct questioning of the defendant, omissions in the record recital of the factual basis may be established in some other manner.").

At the same time, this Court has consistently held that leading questions are permissible in establishing the factual basis for a guilty plea. See *People v Byrd*, 12 Mich App 186, 192; 162 NW2d 777 (1968) ("The assignment of error that attempts to raise an issue from the use of leading questions by the trial court in an examination which is in accord with [the predecessor to MCR 6.302], is devoid of merit and necessitates no further amplification here."); *People v Watson*, 28 Mich App 587, 588-589; 184 NW2d 476 (1970) (although "[b]oth defendants claim the trial court erred in its examination pursuant to [the predecessor to MCR 6.302] because all of the elements of the offense charged were established not in [the defendants'] own words, but through 'yes' answers to leading questions propounded by the court," this was allowed under *Byrd*); *People v Green*, 123 Mich App 563, 567-568; 332 NW2d 610 (1983) (distinguishing *Atcher* and allowing leading questions to establish a factual basis for the defendant's guilty plea because "the present case present[ed] more than just the legal determination based on three questions as in *Atcher*" and "[a] reasonable jury could have drawn an inculpatory inference from [the questions elicited]."); *People v Botzen*, 151 Mich App 561, 565; 391 NW2d 410 (1986) ("While the better practice at a plea proceeding would be the use of nonleading questions, we believe that there was a sufficient factual basis for defendant's guilty plea."). In *Watson*, this Court stated that "the form and manner for conducting the examination required by [the predecessor to MCR 6.302] has been left to the discretion of the trial judge." *Watson*, 28 Mich App at 589.

Following these authorities, we conclude that the trial court did not abuse its discretion by the procedure taken to establish the factual basis for defendant's plea—specifically, by eliciting the relevant facts through leading questions asked by defendant's trial counsel and the trial prosecutor. The court explicitly directed trial counsel and the trial prosecutor to elicit the factual basis for defendant's plea, with that testimony establishing sufficient facts for the trial court to "reasonabl[y] ascertain[] the truth of the plea." See *Barrows*, 358 Mich at 272. With the form and manner of questioning being left to the trial court's discretion, this procedure does not warrant vacating defendant's plea.

We also disagree with defendant that *Atcher* is in any way relevant or helpful to his claim. While *Atcher* did involve leading questions from the court in attempting to establish a factual basis for the defendant's guilty plea, this was not the basis for this Court vacating the plea. See *Atcher*, 57 Mich App at *151*. Rather, the Court merely concluded that "[the d]efendant's affirmative response[s] required him to make a legal determination which should have been made by the trial judge after eliciting proper facts regarding commission of the crime charged." *Id*. No such legal determinations were at issue in this case.

-10-

Affirmed.

/s/ Amy Ronayne Krause
/s/ Kathleen Jansen
/s/ Brock A. Swartzle
